**HOUSE et ux. v. KIRBY LUMBER CORP.**

Civ. No. 1890.

United States District Court
E. D. Texas, Beaumont Division.
April 17, 1951.

Julius F. Franki, Austin, Tex., and Spiller, Duggan & Matthews, Houston, Tex., for plaintiffs.

Combs & Combs, Beaumont, Tex., for defendant, Mrs. Esther Hooks.

Andrews, Kurth, Campbell & Bradley, Houston, Tex., for defendant, General Crude Oil Co.

Fountain, Cox & Gaines, Houston, Tex., for defendant, Kirby Lumber Corp.

ALLRED, District Judge.

Plaintiffs sued defendants in trespass to try title to certain lands herein, in the District Court of Hardin County, Texas. Defendants, Kirby Petroleum Corporation and General Crude Oil Company, are foreign corporations doing business in Texas. Defendant, Mrs. Esther Hooks, individually and as community survivor, is a resident of Jefferson County, Texas.

Plaintiffs' complaint in the state court is in the usual form of trespass to try title. It is alleged in paragraph II that plaintiffs were and still are the owners in fee simple of the described lands; in paragraph III that plaintiffs were in possession of said premises; and defendants entered upon and dispossessed plaintiffs on or about February 1, 1950; and in paragraph IV, plaintiffs specially plead title under the Texas ten year statute of limitations.

Defendants Kirby and General Crude removed to this court, setting up that plaintiffs had improperly joined Mrs. Hooks, in that (a) Mrs. Hooks was making no claim of any interest in or to the land in controversy; or (b), if she was, her claim was adverse to Kirby and General Crude and was a joint claim with plaintiffs, since plaintiffs, who had pleaded "title and limitation title", were grantees in a deed in a chain of record title emanating from H. A. Hooks, deceased, husband of Mrs. Esther Hooks; that in said chain of title, under which plaintiffs hold their deed, there are certain exceptions to and/or reservations of mineral interests in favor of H. A. Hooks, his heirs and assigns, so that the adverse claim of plaintiffs and Mrs. Hooks is a joint claim, adverse to the other defendants; and that Mrs. Hooks is a proper party plaintiff, in that her claim is a joint one with plaintiffs and adverse to the other defendants; and (c) that plaintiffs had made Mrs. Hooks a defendant solely for the purpose of depriving the other defendants of their right to remove, in that the controversy is actually between plaintiffs and Mrs. Hooks on the one hand and the remaining defendants on the other; (d) if there should be any controversy between plaintiffs and Mrs. Hooks, it is separate and apart from any controversy between plaintiffs and the removing defendants.

After removal Kirby Lumber Corporation and General Crude Oil Company filed answers, denying all material allegations in the complaint; and pleading three, five, ten and 25-year Texas statute of limitations.

Mrs. Hooks answered, denying generally plaintiffs' allegations of title, ouster, and particularly plaintiffs' allegations of limitation title. By way of further answer, Mrs. Hooks alleged that on July 8, 1938, she executed and delivered to H. H. Wilkins a deed conveying a 3-acre tract (of which the land sued for by plaintiffs is a part), excepting and reserving to herself all mineral interests, except a 1/16th royalty interest conveyed to Wilkins; that thereafter, on September 18, 1947, Wilkins conveyed the 3 acre tract of land to plaintiffs, subject to the mineral reservation in her favor in the deed from Mrs. Hooks to Wilkins; that by virtue of the deed of July 8, 1938, Wilkins entered into possession of the land involved herein; that Wilkins, and those claiming under him, remained in possession and that plaintiffs deraign all of their right, title, interest and claim under the deed from Mrs. Hooks to Wilkins; that plaintiffs own all of the 3 acres not excepted or reserved in the deed; and that, in the event of recovery by plaintiffs, Mrs. Hooks should be awarded judgment for title and possession of the mineral estate. Mrs. Hooks' prayer is that plaintiffs

take nothing but, in the event of judgment in favor of plaintiffs, that she have judgment for title and possession of the mineral estate.

After the filing of Mrs. Hooks' answer, plaintiffs moved to remand to the state court, since there is no complete diversity of citizenship under 28 U.S.C.A. § 1441(b), setting up that Mrs. Hooks was properly and in good faith joined as a defendant in the state court, has answered and asserts an interest adverse to plaintiffs; and that this action, being in trespass to try title, is not removable under 28 U.S.C.A. § 1441(c), in that there is no separate and independent claim or cause of action as to the removing defendants Kirby and General Crude.

Defendants oppose remand, pointing to the well known rule that it is the duty of the court to align the parties in the light of the actual controversy; and that, since plaintiffs and Mrs. Hooks are claiming under the same chain of title, they should be aligned as plaintiffs, there being no real controversy between them, citing, among other cases, Peters v. Standard Oil Company of Texas, 5 Cir., 174 F.2d 162. The Peters case is not in point. There, Mrs. Peters, for herself and as guardian for J. S. Peters (non compos mentis), sought to set aside an oil and gas lease on land in which she and her husband owned an undivided ¼ interest. Lindsey, who owned another ¼ interest, was made a party to the suit, *it being alleged by Mrs. Peters that he was an indispensable party to a suit for cancellation of the lease,* in which he had joined originally. The court held that Lindsey would profit from a cancellation of the lease and therefore should, *from plaintiff's petition,* be arrayed as a plaintiff.

 Plaintiff's complaint in the state court stated a joint cause of action against all defendants. It is difficult to remove a trespass to try title suit brought under the Texas statute. Lomax v. Foster Lumber Co., 5 Cir., 174 F. 959, 965. Cf. Murphy v. Johnson, D.C.Tex., 49 F.2d 410.

While the removing defendants here alleged that plaintiffs' cause of action as against them was separate and independent, there is no allegation of *fraudulent joinder* of Mrs. Hooks as a party.

In determining whether the right exists to remove, as a separate and independent claim under Sec. 1441(c), the Court must look to the plaintiffs' pleading, which controls; and this is jurisdictional, American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702; Edwards v. E. I. DuPont de Nemours & Co., 5th Cir., 183 F.2d 165.

In the absence of a charge that plaintiff acted in bad faith in prosecuting his suit upon a joint cause of action, the question is to be determined by reference to the complaint at the time of the filing of the petition for removal, Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334; Oldland v. Gray, 10th Cir., 179 F.2d 408; State ex rel. Williams v. Neustadt, 10th Cir., 149 F.2d 143; Bolstad v. Central Surety & Insurance Corporation, 8th Cir., 168 F.2d 927.

To the same effect see cases collected under 2 Cyc. of Fed.Proc. 382, pp. 231, et seq.

Plaintiffs' motion to remand will be granted.

The Clerk will notify counsel who will prepare an order accordingly.