**JURY–ROWE CO. OF LANSING, MICHI-
GAN v. TEAMSTERS & CHAUFFEURS
LOCAL UNION NO. 580 et al.**

Civ. A. 10511.

United States District Court
E. D. Michigan, S. D.

May 23, 1951.

Charles F. Cummins, Richard B. Foster, both of Foster, Cummins, Snyder, Cameron & Foster, Lansing, Mich., for the plaintiff.

Raymond H. Rapaport, Lansing, Mich., Fitzgerald, O'Leary, Mayrand, Welch, & Brady, Detroit, Mich., Padway, Goldberg & Previant, Milwaukee, Wis., for Teamster & Chauffeurs Local Union No. 580, Lloyd C. McKim, John J. Lyons, and Orlin Magley.

Warner, Norcross & Judd, Grand Rapids, Mich., for Assoc. Truck Lines.

Kit F. Clardy, Lansing, Mich., for W. Ford Johnson Co.

Matheson, Dixon & Brady, Detroit, Mich., for Inter-City Trucking Service, Norwalk Truck Lines Co. and Saginaw Transfer Co.

THORNTON, District Judge.

The within action involves a motion to remand to the Circuit Court for Ingham County, Michigan.

On or about the 9th day of April, 1951, the plaintiff commenced an action in the Circuit Court for the County of Ingham, State of Michigan, alleging "That on or about February 13, 1951 a conspiracy was entered into between certain of these defendants, including defendant Union, defendant Associated Truck Lines, Inc., defendant Norwalk Truck Line Company, defendant Saginaw Transfer Company, Inc., defendant Inter-City Trucking Service,

634

and others, to prevent the delivery of goods and merchandise to plaintiff at any point in the City of Lansing whether at its store or warehouse, the terminals of said truck lines, or any place whatsoever in said City insofar as it lay within the power of defendants."

The plaintiff company is a Michigan corporation and all of the defendants with the exception of the Norwalk Truck Line Company are citizens of the State of Michigan, and under date of April 23, 1951, the Norwalk Truck Line Company filed a petition for the removal of the within cause to the United States District Court, Eastern District of Michigan, Southern Division, said petition being based upon the following contentions:

(1) That the action arises under an act of Congress regulating commerce, 49 U.S.C.A. § 1 et seq., and is removable under Sec. 1441 (a), (b) and (c), Title 28, U.S.C.; (2) that the action contains a separate and independent claim or cause of action against the petitioning defendant, which action would be removable if sued upon alone pursuant to the provisions of Sec. 1441 (c), Title 28, U.S.C., and that, therefore, the entire case may be removed for determination of all issues by the Federal Court; and (3) that this Court would have original jurisdiction over this cause as between the plaintiff and this particular defendant as an independant claim or cause of action because the matter in controversy between the said plaintiff and this defendant exceeds the sum of $3000, and because the cause of action against this defendant is one arising under an act of Congress regulating commerce.

It is claimed by the plaintiff in its motion to remand: "all defendants are therein charged solely with a single common law conspiracy as to which plaintiff has alleged a single cause of action against all defendants and sought single equitable relief therefrom by way of injunction and damages, * * *".

■ The first contention by the defendant Norwalk Truck Line Company that the action arises under an act of Congress regulating commerce is without merit since the bill of complaint filed by the plaintiff in the State action does not embrace an action dependent upon the Interstate Commerce Act or any other Federal statute.

■ As stated in Levering & Garrigues Co. et al. v. Morrin et al., 289 U.S. 103, 105, 53 S.Ct. 549, 550, 77 L.Ed. 1062: "The question of jurisdiction as thus limited is to be determined by the allegations of the bill, and not upon the facts as they may turn out, or by a decision of the merits." See also Pocahontas Terminal Corporation v. Portland Building & Construction Trade Council et al., D.C., 93 F.Supp. 217, 220.

■ Considering the second contention of the defendant: since this cause of action is one of conspiracy, and since the defendant Norwalk Truck Line Company is named in the bill of complaint as one of the co-conspirators, and since there is at least one overt act in the bill of complaint that could have application to this particular defendant, it is difficult for this Court to comprehend a cause of action less susceptible of embracing separate and independent claims and/or causes of action as amongst different defendants than the within cause and, accordingly, the second contention of the Norwalk Truck Line Company, as a basis for this Court's retaining the action, is without merit. "Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C. § 1441 (c), 28 U.S.C.A. § 1441 (c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441 (c)." American Fire and Casualty Company, Petitioner, v. Finn, 71 S.Ct. 534, 540.

As to the third contention by the defendant Norwalk Truck Line Company: since we have already reached the determination that there is no independent claim or cause of action contained in the plaintiff's bill of complaint as between the plaintiff and this defendant, and since we have further determined that the bill of complaint does not involve a cause of action arising under any

act of Congress regulating commerce, the subject matter of this contention does not require any further consideration.

During the course of the court hearing and the argument of counsel for the respective parties, counsel for the defendant Teamsters and Chauffeurs Local Union No. 580 joined in the argument in opposition to the motion to remand, and furnished the Court with a memorandum which in part states as follows: "Also cited this morning was the case of Pocahontas Terminal Corp. v. Portland Building Trades Council, D.C., 93 F.Supp. 217. This last case is one which is squarely in point with the case at bar and it is urgently requested that the Court refer to this case." In keeping with this request the Court has carefully analyzed this case and in comparing it with the instant matter has made the following observations:

A. The cited case states: "The fundamental issue presented by the motion to remand is whether this action arises under any act of Congress regulating commerce." [93 F.Supp. 219.] The action involved in this dispute is most certainly not grounded on any act of Congress regulating commerce.

B. In the cited case: "this Court takes judicial notice of any Federal laws necessarily brought into play by the allegations of the complaint; and it is immaterial that specific reference to such laws may be omitted in the pleading." In the instant controversy this Court notes the fact that there are not any Federal laws brought into play by the allegations in the complaint. The first mention of a possible connection with the Taft-Hartley Act was injected in the argument by counsel for the Union at the time of the hearing on the motion to remand.

C. In the cited case Judge Clifford found that "from the face of plaintiff's complaint alone, as filed in the State Court, unaided by reference to any other pleadings or to the petition for removal itself, there was apparent a Federal question which was not merely incidental or collateral to the main controversy," whereas in the matter for consideration here, if there is a Feder-

al question or questions involved in the controversy, their existence is, at most, incidental and collateral to the main issue— "conspiracy to damage the property of the plaintiff".

D. In the cited case: "There are other intimate points of contact between this case and interstate commerce." From the allegations contained in the complaint filed in the instant matter there is a complete lack of reference to any activities in interstate commerce by the plaintiff company, from which this Court could draw the conclusion that there is herein contained a controversy affecting interstate commerce.

In suming up the conclusions in the cited case, Judge Clifford says: "Under all the circumstances of this case as above set forth, it is clear that interstate commerce is affected by the controversy alleged in the complaint." After a careful examination of the bill of complaint filed herein, it is not at all clear to this Court that interstate commerce is affected by the controversy alleged in said pleading.

Plaintiff's motion to remand is granted, and an Order may be entered accordingly.