## MILLER v. CARECCIOLA et al.

### No. 8165.

United States District Court
W. D. Missouri, W. D.

April 28, 1953.

Gibson Langsdale and Clif Langsdale, Kansas, City, Mo., for plaintiff.

Douglas Stripp, of Watson, Ess, Whittaker, Marshall & Enggas, Kansas City, Mo., for defendant.

REEVES, District Judge.

No question arises in this case as to a diversity of citizenship. It is admitted that some of the defendants are residents of Missouri, as the plaintiff. Removal was attempted upon the sole ground that from plaintiff's petition a separate and independent claim or cause of action against the removing defendants appeared.

Adverting to the petition, it is there stated that:

"* * * the said defendant, John M. Weir, told defendant, Frank Carecciola, manager of the defendant, Caroll Construction Company, that the man who presented and cashed said check at the said Safeway store was the plaintiff; that, thereafter, the defendant, Frank Carecciola, informed a number of people at the construction job where the plaintiff had been work-

ing, \* \* \* that the plaintiff had cashed the said check and had caused the Caroll Construction Company to issue a duplicate therefor."

While it is true that the petition does not aver in words that the act of the two parties concurred in damaging the plaintiff, yet the plaintiff did allege "that the said false statements *maliciously made by the said defendants,* (emphasis mine), as aforesaid, damaged plaintiff's reputation and injured his good name, etc."

It is to be observed that the plaintiff alleged that the identical statements originating with the defendant Weir and communicated to the defendant Carecciola, and repeated by him, occasioned, according to the plaintiff, the damages which he says he sustained.

It is and was the law as expressed in Miller v. United Rys. Co. of St. Louis, 1911, 155 Mo.App. 528, 134 S.W. 1045, loc. cit. 1049, that:

"When it appears, as in this case, that the injury would not have befallen plaintiff but for the negligent act of either party in the first instance, such negligence is viewed in the eye of the law as a proximate and efficient cause of his hurt, though it concurs with that of another independent actor which may intervene in point of time subsequently thereto."

However, by express statute, Section 507.-040 RSMo 1949, V.A.M.S., the Missouri legislature has specifically provided that:

"All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

It appears from the foregoing statute, as well as from Missouri decisions previous to the enactment of the statute, that a joint cause of action may be stated, as in this case, and that it is not severable in the purview of the removal statute. In this case the occurrences or transactions were the same. The manager of the corporate defendant told the local defendant, as manager of the local corporation, what he believed about the plaintiff and this was merely repeated.

Under the circumstances the case should be remanded to the court from which removed and it will be so ordered.