**RYAN v. TOLLEFSON et al.**
Civ. No. 13966.

United States District Court,
E. D. New York.

Jan. 4, 1954.

Arthur Bardack, New York City, Shirley P. Thau, New York City, on the brief, for plaintiff.

John W. Trapp, New York City, for defendants, George T. Tollefson, Margaret Tollefson, doing business as Tollefson Bros.

Tompkins, Boal & Tompkins, New York City, for defendant, The Texas Co.

GALSTON, District Judge.

This is a motion by the plaintiff for an order remanding the action to the Supreme Court of New York, County of Kings.

The action is one to recover damages for personal injury sustained as the result of a fall suffered by the plaintiff while working on a tanker owned and operated by the defendant, The Texas Company.

The complaint alleges that on March 27, 1952, the date of the accident, the tanker was in the Brooklyn repair yard of the Bethlehem Steel Company undergoing certain repairs; that the plaintiff was then engaged upon said vessel in making the repairs; and that the defendant, Tollefson Brothers, was engaged in sand blasting the sides of the vessel. It then alleges that while plaintiff was lawfully upon the deck of the vessel, he was caused to slip and fall through the carelessness and negligence of the defendants. The negligence of the defendants is more specifically alleged in the complaint as follows:

"8. The defendant Tollefson Bros. was negligent in that it caused, allowed and permitted the sand blasting material to spray upon and fall upon the deck of the vessel causing said deck to become dangerous and hazardous to persons lawfully thereon; in that it negligently and carelessly failed to provide covers or other devices in connection with the aforesaid sand blasting to prevent the material from falling upon the deck; in that it failed to take any precautions to prevent said material from falling upon the deck; in that it failed to clean the decks and were otherwise negligent in the premises.

"9. The defendant Texas Co., was negligent in that it failed to provide the plaintiff a safe place to work; in that it allowed the decks to become and remain covered with the aforesaid sand blasting material

rendering said deck dangerous and slippery and hazardous to persons lawfully thereon."

The action was removed to this court upon the petition of the defendant, The Texas Company, upon the ground of diversity of citizenship. The petition for removal indicates that the plaintiff and the defendant, Tollefson Brothers, are citizens of the State of New York, and that the defendant, The Texas Company, is a corporation organized and existing under and by virtue of the laws of the State of Delaware, and a corporate resident of Delaware.

The plaintiff urges that Section 1441 (c) of Title 28 U.S.C.A., did not permit removal, and the defendant, Tollefson Brothers, supports the plaintiff's motion.

Section 1441(c) reads:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The question presented, therefore, is whether the action embodies separate and independent claims or causes of action within the meaning of Section 1441 (c).

Prior to September 1, 1948, the effective date of the revision of the Judicial Code, the right of removal in similar circumstances was based upon whether there existed "separable controversies" wholly between citizens of different States. The Supreme Court has pointed out that under the new Section 1441(c), Congress intended to establish a different and more restrictive basis for removal. In American Fire & Cas. Co. v. Finn, 341 U.S. 6, at pages 9–14, 71 S.Ct. 534, at pages 538–540, 95 L.Ed. 702, the Supreme Court, construes this change as follows:

"Another and important purpose was to limit removal from state courts. * * *

"The Congress, in the revision, carried out its purpose to abridge the right of removal. Under the former provision, 28 U.S.C. (1946 ed.) § 71, separable controversies authorized removal of the suit. 'Controversy' had long been associated in legal thinking with 'case.' It covered all disputes that might come before federal courts for adjudication. In § 71 the removable 'controversy' was interpreted as any possible separate suit that a litigant might properly bring in a federal court so long as it was wholly between citizens of different states. * * *

"A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. * * * Of course, 'separate cause of action' restricts removal more than 'separable controversy.' In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal.

\*     \*     \*     \*     \*     \*

"Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C. § 1441 (c), 28 U.S.C.A. § 1441(c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

In that case, plaintiff, a resident of Texas, brought action to recover for a loss by fire against a Florida insurance company, an Indiana insurance company, and a local agent of both companies who was a resident of Texas. The wrong alleged in the complaint was the failure to compensate for the loss, and the three defendants were joined because of uncertainty as to who was liable. The complaint pleaded facts alleging liability, in the alternative, in the three defendants for the one loss. The allegations in respect to each of the insurance companies pleaded separately purchase of insurance through the defendant local agent. The pleadings in respect to the local agent alleged that he was responsible for keeping plaintiff's house insured. The Supreme Court concluded that no separate and independent claims for relief were pleaded as required by section 1441(c).

Prior to the enactment of section 1441 (c), a leading case on the question involved was Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334. There an action for the wrongful death of a train conductor, caused by an assault by a drunken Pullman passenger, was brought in a California court. The defendants were the passenger (a resident of California), the railroad (a Kentucky corporation, allegedly negligent for letting the passenger pass its gates), the Pullman Company (an Illinois corporation), and its porter (a California resident), the latter two allegedly negligent for permitting the passenger on the Pullman. In its opinion the Court pointed out that had the Pullman porter not been a California resident, the Pullman Company could have removed on the ground of separable controversy, because no facts were alleged as to the other defendants' negligence upon which liability as against the Pullman Company could be predicated.

In American Fire & Casualty Co. v. Finn, supra, however, the Court noted that since the Pullman case, supra, does not contain separate and independent

causes of action, it "would not now be removable under 28 U.S.C. § 1441". 341 U.S. 6, 12, note 5, 71 S.Ct. 534, 539.

 In making the determination here it is the plaintiff's pleading which is controlling. Pullman Co. v. Jenkins, supra. The complaint alleges injury to the plaintiff from a fall while working aboard The Texas Company's tanker at the time Tollefson Brothers was doing work thereon. The negligence alleged is the action of Tollefson Brothers in allowing sand blasting material to fall upon the deck of the vessel, and in failing to keep the deck clean of such material; and of The Texas Company in failing to provide the plaintiff with a safe place to work and in allowing the decks "to become and remain covered" with the sand blasting material.

The Texas Company argues that the complaint alleges no joint liability, but only separate liability. It also makes a distinction between Tollefson as the "active wrongdoer" and itself as a "passive wrongdoer", arguing that its liability, if any, is predicated upon a duty implied by law, viz., to furnish plaintiff a safe place to work.

Clearly, however, the plaintiff's claim is for damages for one injury resulting from a single occurrence. Only Tollefson is alleged to be responsible for causing the sand blasting material to fall on the deck. The duty to furnish a safe place to work is alleged to be the responsibility of The Texas Company only; but the allegations as to failure to prevent the falling material from coming to rest on the deck, and negligence in allowing it to remain on the deck, are pleaded against both defendants. Thus facts are alleged in respect to the negligence of the defendant, Tollefson Brothers, which are also made the bases for the alleged negligence of the defendant, The Texas Company.

Moreover, even assuming the plaintiff could have instituted a separate action against The Texas Company on the basis of a failure to furnish a safe place to work, it would constitute a "separable controversy" but is not a "separate claim", as alleged in this complaint.

The fact that a complaint may charge the defendants with joint and several liability or only several liability is not controlling. What is important is whether the plaintiff's complaint alleges a single claim or multiple claims. See Moore's Commentary on the U. S. Judicial Code (1949) para. 0.03(37).

It must be concluded, therefore, that the removal of this action to this court is not supported by section 1441 (c) of Title 28 U.S.C.A.

With respect to costs, 28 U.S. C.A. § 1447(c) provides that the court, in remanding a case improvidently removed, "may order the payment of just costs." Civil Rules #3 of the local rules of this court provides, in part, as follows:

"(a) * * * the defendant or defendants (removing the case) will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed."

In view of the foregoing, the plaintiff's motion in all respects is granted. Settle order.