**FAIR OAKS TRANSPORTATION CO., Inc., Plaintiff,**

v.

**The CENTRAL MANUFACTURERS' MUTUAL INSURANCE COMPANY and Aviation Concessions, Inc., Defendant.**

United States District Court, S. D. New York.

Dec. 28, 1954.

Tell, Cheser, Werner & Breitbart, New York City, by Benjamin L. Tell, Brooklyn, N. Y., of counsel, for plaintiff.

Max J. Gwertzman, New York City, for defendant.

EDELSTEIN, District Judge.

Plaintiff, a New York corporation, moves to remand its action against the defendant Aviation Concessions, Inc., also a New York corporation, and the defendant Central Manufacturers' Mutual Insurance Company, an Ohio corporation which had removed the action from the

**508**

New York Supreme Court. The suit involves the loss of plaintiff's tractor and trailer, which it had parked in the lot operated by Aviation Concessions and had insured with Central Manufacturers'. The complaint alleges negligence and breach of a contract of bailment against the parking lot operator and alleges a cause of action on the policy against the insurance company. The issue is whether the case was properly removed under 28 U.S.C. § 1441(c).

■■ Inasmuch as there is diversity of citizenship between plaintiff and the removing defendant insurance company, and the amount in controversy exceeds $3,000, exclusive of interest and costs, the entire case was properly removed if the claim against the insurance company constituted a "separate and independent claim or cause of action". Undoubtedly, as defendants contend, the claims against them could have been pursued in separate and independent actions against them by the plaintiff. But that is to say no more, necessarily, than that the controversy is separable, and the 1948 revision of Title 28, referring in § 1441(c) to "separate and independent * * * causes of action", was intended to eliminate the removal of a merely separable controversy. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. Here only a single injury is alleged by the plaintiff, the loss of his property; and although he seeks to hold each defendant liable for the entire loss on a different basis, he may recover, if at all, only once, to the extent of his loss. Moreover, the crucial facts in the controversy with both defendants are the circumstances of the disappearance of the tractor and trailer from the lot. This case, therefore, falls within the rule of the Finn case, supra, 341 U.S. at page 14, 71 S.Ct. at page 540, that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." In that case the Court also quoted with apparent approval, in footnote 13, 341 U.S.

at page 14, 71 S.Ct. at page 540. Moore's Commentary on the U.S.Judicial Code, pp. 251–252: "'* * * where the plaintiff joins two or more defendants to recover damages for one injury, and even though he charges them with joint and several liability or only several liability, or charges them with liability in the alternative, there is no joinder of separate and independent causes of action within the meaning of § 1441(c). At most a separable controversy is presented where several or alternative liability is alleged, and is no longer the basis for removal.'"

Because the cause of action against the insurance company was not, in my opinion, separate and independent, I hold that the case was improperly removed and accordingly, the motion to remand will be granted.