Henry D. NICKERSON, Plaintiff,

v.

AMERICAN DREDGING COMPANY, a corporation of the Commonwealth of Pennsylvania, Defendant.

Civ. A. No. 641-54.

United States District Court,
D. New Jersey.

March 23, 1955.

Brown, Connery, Kulp & Wille, George F. Kugler, Jr., Camden, N. J., for plaintiff.

Starr, Summerill & Davis, Camden, N. J., Krusen, Evans & Shaw, by T. E. Byrne, Jr., Philadelphia, Pa., of counsel, for defendant.

MADDEN, District Judge.

This is an action instituted by plaintiff, Henry D. Nickerson, against the defendant, his employer, American Dredging Company, for injuries resulting to him on July 18, 1953 when, while employed as a deck hand on a dredging vessel of defendant, he was injured. Suit was instituted by plaintiff in the New Jersey Superior Court, Law Division. The cause was removed here upon the petition of defendant showing diversity of citizenship between plaintiff and defendant and the necessary jurisdictional amount in controversy. The plaintiff now seeks to have the cause remanded to the State Court upon the grounds that it is a suit brought under the Jones Act, 46 U.S.C.A. 688, and, therefore, not removable. Counsel for defendant concedes for the sake of this argument (which concession is no concession to speak of for the law is well established) that an action commenced in a State Court by a seaman for injuries upon the grounds of negligence under the Jones Act, supra, is not removable to Federal Court but urges that here the plaintiff in his complaint has additionally based his right of recovery upon an allegation of unseaworthiness under the general maritime law and that when this allegation is made and diversity and jurisdictional amount exist the defendant has a right to remove. Further, defendant urges that if the Court remands to the State Court before doing so it should strike from plaintiff's complaint the allegations of unseaworthiness.

Defendant argues that the action under the Jones Act upon the grounds of negligence is one cause of action and the action upon the grounds of unseaworthiness is a different cause of action and when the necessary elements of diversity of citizenship and jurisdictional amount are joined with this later cause under Admiralty law, defendant is entitled to remove to the Federal Court where, under the principle of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, the Federal Court would retain and dispose of all the litigation.

In Hurn v. Oursler, supra, it was said by Mr. Justice Sutherland, 289 U.S. at page 245, 53 S.Ct. at page 589:

"But the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal ground; in the latter it may not do so upon the nonfederal cause of action."

We must, therefore, determine in the present case before the Court whether or not the litigation involves one or two causes of action. In the matter of Baltimore S. S. Co. v. Phillips, 274 U.S. 316, at page 321, 47 S.Ct. 600, at page 602, 71 L.Ed. 1069, Mr. Justice Sutherland laid down a good rule for determining such question, where he said:

"Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong, and was entitled to but one recovery, wheth-

er his injury was due to one or the other of several distinct acts of alleged negligence, or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong. The mere multiplication of grounds of negligence alleged as causing the same injury does not result in multiplying the causes of action. 'The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear. "The thing, therefore, which in contemplation of law as its cause, becomes a ground for action, is not the group of facts alleged in the declaration, bill, or indictment, but the result of these in a legal wrong, the existence of which, if true, they conclusively evince."'"

The United States Court of Appeals for the 5th Circuit had this very question before it on appeal in the matter of Pate v. Standard Dredging Corp., 193 F. 2d 498, and the same arguments were advanced there as here, and that Court reversed the District Court for failing to remand the matter to the State Court where the action had been commenced. There the Court said, 193 F.2d at page 501:

"The Jones Act did not exclude the seaman's admiralty right to maintenance and cure nor his resort to the maritime remedy for injury due to the unseaworthiness of the vessel but some of the courts have indicated by way of obiter dictum that an injured seaman must elect whether to found his action upon unseaworthiness under the maritime law or to bottom it upon negligence under the Jones Act. The more recent cases, however, held that such election of remedies is not required. McCarthy v. American Eastern Corporation, 3 Cir., 175 F. 2d 724; Balado v. Lykes Bros. S. S. Co., 2 Cir., 179 F.2d 943. This question of election of remedies we need not decide but we shall rest our decision on the broad principle that a suit under the Jones Act for negligence and under the maritime law for unseaworthiness, where there is but a single wrongful invasion of a single primary right, are not separate and independent claims or causes of action within the meaning of Title 28, United States Code, Section 1441(c)."

The identical question presented and the same view as that expressed by the 5th Circuit in the Pate case was adopted in Moltke v. Intercontinental Shipping Corp., D.C., 86 F.Supp. 662; Ducoff v. Cities Service Oil Co., D.C., 102 F.Supp. 423; and Crespo v. Pacific-Atlantic S. S. Co., D.C., 117 F.Supp. 504.

Consequently, this Court determines that the matter, in line with the authorities above cited, should be remanded to the State Court. This leaves the question of whether the Court should strike the allegations of unseaworthiness.

In McCarthy v. American Eastern Corporation, 3 Cir., 175 F.2d 724, 727, the Court of Appeals for this Circuit approved the action of the District Judge who, upon the trial of a matter commenced under the Jones Act, supra, submitted both the question of negligence under the Jones Act and the question of unseaworthiness under Admiralty Law to the jury for determination, with the following language:

"We conclude, in accord with our decision in the German case, that the trial judge rightly permitted the

jury to base its verdict for the single recovery to which under the law the plaintiff was entitled on both the unseaworthiness of the vessel and the negligence of the members of the crew."

The application to strike will be denied and the matter will be remanded to the New Jersey Superior Court, Law Division, from whence it was removed.

Counsel will prepare an order.