**Mabel D. STEVENSON, Plaintiff,**

v.

**Sarah E. ISAACS and Earl L. Isaacs, Jr., Adm'r and Adm'x of the Estate of Earl L. Isaacs, deceased, Clyde Argo Banks and Bakery Products Delivery, Inc., a foreign corporation, Defendants.**

Civ. A. No. 1630.

United States District Court
D. Delaware.

May 16, 1955.

Everett F. Warrington, Georgetown, Del., for plaintiff.

William H. Bennethum and Ernest S. Wilson, Jr. (of Morford & Bennethum), Wilmington, Del., for defendants.

LEAHY, Chief Judge.

This death action originated in the Superior Court of Delaware (Sussex County) but was removed to this Court by the nonresident defendants—Clyde Argo Banks and Bakery Products Delivery, Inc. Plaintiff's husband, a passenger in an automobile driven by Earl L. Isaacs, deceased, also met his death when Isaacs' car collided with a truck driven by defendant Banks and owned by the corporate defendant, Bakery Products Delivery, Inc. More factual background of this action is discussed in D.C. Del., 126 F.Supp. 411, where it was suggested (although the question had theretofore been neither presented nor argued), the district court's basic jurisdiction was lacking, and a motion might be filed testing whether the action was properly removable under 28 U.S.C. § 1446 and § 1441(c). Consequently plaintiff filed a motion to remand.

The nonresident defendants oppose the motion to remand to the state court. They claim the action against the resident defendants Sarah E. Isaacs and Earl L. Isaacs, Jr., is premised on the Delaware guest statute, Title 21 Delaware Code § 6101, while the nonresident defendants' alleged liability is sought on the basis of counts resting on common-law negligence. Their opposition to the removal lends itself to the following syllogism: 1. Under 28 U.S.C. § 1441(c), a nonresident defendant may remove from a state court a separate and independent cause of action even though other resident defendants are properly within the jurisdiction of the state court; 2. in the light of Gallegher v. Davis, 7 W.W. Harr., Del., 380, 183 A. 620, 622, a cause of action based on the Delaware guest statute is incompatible with the common-law cause of action for negligence; 3. therefore, the cause of action against nonresident defendants for negligence is separate and independent from the action against resident defendants based

on the Delaware guest statute. In short, nonresident defendants' argument is this: "Since the negligence action would have been removable if sued upon alone (on diversity grounds) [which it was not], and since it meets the other tests of 28 U.S.C. § 1441(c), it follows the motion to remand should be denied."

Nonresident defendants concede (see cases under Note 373, 28 U.S.C.A. § 1441(c)) a uniform holding is that separate acts of negligence, concurring to produce one injury, do not give rise to "separate and independent causes of action" within the meaning of 28 U.S.C. § 1441(c). But, these defendants argue none of the cases deal with the exact situation presented here. And these defendants state "No case was found in which a Court considered whether a negligence action is 'separate and independent' of a Guest Statute action."

Apparently, then, the instant case is a case of first impression under 28 U.S.C. § 1441(c). The separateness and independence of a cause of action under a guest statute from a common-law action based on negligence has never been the subject of judicial comment.

1. There is such a gleam of merit to defendants' argument as to give it a surface attraction. But, upon examination, the corpus of the contention is seen to be supported by sophistries. True, in the Gallegher case, Chief Justice Layton wrote: "Wilfulness and negligence are incompatible *terms*" (emphasis added); it does not follow, as defendants contend, the *causes of action* flowing from each are separate and independent within the meaning of the federal statute, 28 U.S.C. § 1441.

2. The resolution of the question presented lies not in the field of verbalisms but in an appraisal of plaintiff's legal rights for the harm done. Regardless of the semantic labels which could attach to the operation of an automobile in such a manner as to cause harm to an-other for which the law attaches an opprobrium reflected in civil liability, such an action is tortious in nature. The facts in the instant case are two automobiles were involved in a single collision resulting in loss of life and property. Plaintiff seeks civil redress from both drivers or their representatives—both wrongdoers whose collaboration caused the accident. The premise of liability is basically this: operation of two motor vehicles in disregard of the rights of others. This "disregard" on the part of one driver takes the form of negligence; on the part of the other, it takes the form which the Delaware Legislature has seen fit to denominate "wilful or wanton disregard of the rights of others". But can it be denied that common denominator of civil liability in this case is essentially the improper operation of a motor vehicle by each of the drivers whose coaction caused the accident and resulting damage?

Conceded, defendants are correct in asserting *negligence* and *wilful or wanton conduct* are not "two peas in the same pod", yet the legalisms are (to extend the analogy), two pods from the same plant—viz., tortious conduct in the operation of each motor vehicle causing one death resulting from one accident.

3. The fact the law assigns different roles to fellow actors in a legal scene does not change the basic composition of the legal theme of liability toward the harmed plaintiff. Under the Delaware guest statute the burden of proving liability is concededly made more difficult, but if tortious conduct can be shown under any name, the same result should follow. As a recent writer on the law of torts has pointed out in reviewing the work of Professor Seavey: "* * * the true test of liability is whether the harm was within the risk created by the defendant's conduct to a person within the circle of danger."[1] A higher standard of care may be set for one of two joint tortfeasors. But the

1. A. T. Denning, Lord Justice, The Court of Appeal, in 68 Harv.L.R. at 565.
   For an excellent reading which will have high priority, see Warren A. Seavey's new book "Cogitations on Torts" (Univ. of Nebraska Press, 1954).

cause of action which gets plaintiff into court is communal as against both groups of defendants.

I hold plaintiff's cause of action against the nonresident defendants for common-law negligence is not separate and independent under the application of 28 U.S.C. § 1441(c) from the cause of action against the resident defendants based on the Delaware guest statute.

The case will accordingly be remanded to the appropriate State Court in Delaware as the lack of true diversity between Delaware plaintiff and several Delaware defendants defeats removal under the statute.