Leslie **KNIGHT**, Plaintiff,

v.

**CHRYSLER CORPORATION**, Dodge Bros. Corporation, Heimlich Motor Company, a body corporate, James McLaughlin and William Piper, Defendants.

Civ. A. 870–51.

United States District Court
D. New Jersey.

Aug. 31, 1955.

Parsons, Labrecque, Canzona & Combs, Red Bank, N. J., by Theodore D. Parsons, Red Bank, N. J., for plaintiff, J. Charles Weschler, Walter T. Kohn, New York City, of counsel.

Stryker, Tams & Horner, Newark, N. J., by Walter F. Waldau, Newark, N. J., for defendants.

FORMAN, Chief Judge.

This case was begun in the Superior Court of New Jersey, Law Division. A defendant, Dodge Brothers Corporation, a corporation of Michigan, removed the case to this court and plaintiff has now moved to remand.

In the complaint of three counts, filed in the State court, five defendants were named, but only three—Dodge, Heimlich Motor Company, a New Jersey corporation, and James McLaughlin, a citizen of New Jersey and Regional Manager for Dodge—have been served and therefore only those three will be concerned on disposition of this motion.

In the first count plaintiff sets forth a history of business dealing between the defendants and himself. It appears that defendants Dodge and Chrysler Corporation (which was never served) selected the defendant Heimlich to be a direct dealer of automobiles for them. Status as a direct dealer gave Heimlich authority, subject to approval by Chrysler and Dodge, to appoint dealers within the territory alloted to it. Plaintiff was chosen by Heimlich as a dealer. He alleges that Dodge and Chrysler and Heimlich agreed with him that his dealership was not terminable except for cause, and he further alleges that in 1948 defendants Dodge and Chrysler (1) terminated his dealership without cause, (2) refused to perform their agreements with Heimlich in which plaintiff claims an interest and (3) prevented Heimlich from performing its contract with plaintiff.

The second count states a claim against defendants Dodge, McLaughlin and Heimlich, whereby it is alleged defendants Dodge and McLaughlin interfered with plaintiff's contractual rights with Heimlich, and breach is alleged on the part of Heimlich.

The third count joins all defendants and claims against them because of an alleged conspiracy among them through which plaintiff was caused to lose his business.

Because of the presence of citizens of New Jersey on both sides of the controversies surrounding counts two and three of the complaint, this court would have no original jurisdiction over them [1] and removal would thereby be precluded [2] unless those counts contain, as to the non-resident defendant, Dodge,

---

1. "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between:
(1) Citizens of different States: * *."
28 U.S.C. § 1332.

2. "(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

a "separate and independent * * * cause of action" under 28 U.S.C. § 1441(c):

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

However, since the liability alleged under both the second and third counts is joint wherever Dodge is concerned, there is no "separate and independent * * * cause of action" because of the presence of defendant McLaughlin, a New Jersey citizen. Joint liability among defendants some of whom have and some of whom do not have a common state citizenship with their plaintiff has consistently been held to foreclose a finding of a "separate and independent * * * cause of action".[3]

Dodge's main argument is devoted to the proposition that count one, which alleges claims only against Dodge and unserved Chrysler, states a "separate and independent * * * cause of action". But consideration of the claims of count one in their relationship to the remainder of the complaint shows that those claims satisfy all the tests which have been held to lead to remand. The most frequently applied measure of jurisdiction under § 1441(c) is one sanctioned by the Supreme Court in American Fire & Cas. Co. v. Finn, 1950, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, wherein the Court said:

"* * * we conclude that where there is a *single wrong* to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." (Emphasis supplied.) 341 U.S. at page 14, 71 S.Ct. at page 540.

Plaintiff, Knight, complains of only one injury—the cessation of delivery to him of automobiles and parts in order that he might continue his business. The single wrong test has been applied many times, and always, if satisfied, has led to remand [4] except where by local law

States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441.

3. Preas v. Phebus, 10 Cir., 1952, 195 F. 2d 61, 62; Donahue v. Warner Bros. Pictures, 10 Cir., 1952, 194 F.2d 6, 10; Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 1951, 188 F.2d 902; Edwards v. E. I. Du Pont De Nemours & Co., 5 Cir., 1950, 183 F.2d 165; Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 1949, 174 F.2d 788; House v. Kirby Lumber Corp., D.C.E.D.Tex.1951, 113 F.Supp. 322; Miller v. Careeciola, D.C.W.D.Mo.

1953, 112 F.Supp. 227; Montrey v. Peter J. Schweitzer, Inc., D.C.D.N.J.1952, 105 F.Supp. 708; Boncek v. Pennsylvania R. Co., D.C.D.N.J.1952, 105 F.Supp. 700; Bowerman v. Goodyear Tire & Rubber Co., D.C.N.D.Tex.1952, 105 F.Supp. 119; Silverman v. Swift & Co., D.C.D.Conn. 1951, 100 F.Supp. 961; Jury-Rowe Co. of Lansing, Mich. v. Teamsters & C. Local Union, D.C.E.D.Mich.1951, 97 F.Supp. 633; Sansom v. New Amsterdam Ins. Co., D.C.N.D.Ala.1951, 95 F.Supp. 6. Annotation 1951, 19 A.L.R.2d 748, 753.

4. Preas v. Phebus, 10 Cir., 1952, 195 F.2d 61; Pate v. Standard Dredging Corp., 5 Cir., 1952, 193 F.2d 498; Snow v. Powell, 10 Cir., 1951, 189 F.2d 172; Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 1951, 188 F.2d 902; Edwards v. E. I. Du Pont De Nemours & Co., 5 Cir., 1950, 183 F.2d 165; Nickerson v. American Dredging Co., D.C.D.N.J.1955, 129 F.Supp. 602; Harrisville Co. v. Home Ins. Co., D.C.S.D.N.Y.1954, 129 F.Supp. 300; Hafif v. Caledonian-American Insurance Co. of N. Y., D.C.S.D.N.Y.1955, 127

some of the multiple claims arising from a single wrong are separate and independent.[5]

■ The test first suggested by Judge Goodrich's concurring opinion in Mayflower Industries v. Thor Corporation, 3 Cir., 1950, 184 F.2d 537, certiorari denied Thor Corp. v. Mayflower Industries, 1951, 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342, that where the elements of damage are the same to both resident and nonresident defendants, that is, where full recovery from one defendant would bar further recovery from another, there can be no "separate and independent * * * cause of action" also works to the disadvantage of the defendant Dodge in this case. Only one interest of the plaintiff's was invaded, his right to remain in business, and no matter how that right was infringed, by tort or breach of contract, the form and amount of compensation will remain theoretically the same. See the concurring opinion of Judge Murrah in Snow v. Powell, 10 Cir., 1951, 189 F.2d 172 and his opinion in Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 1951, 188 F.2d 902.

■ The fact that some of plaintiff's claims are in tort and some in contract does not serve automatically to make them "separate and independent" where, as here, the ultimate legal objective remains the same.[6] It requires a separate and independent claim, not just a separate and independent theory, to meet the jurisdictional test of § 1441(c). Compare Preas v. Phebus, 10 Cir., 1952, 195 F.2d 61; Pate v. Standard Dredging

Corp., 5 Cir., 1952, 193 F.2d 498; Stevenson v. Isaacs, D.C.D.Del.1955, 131 F. Supp. 321; Nickerson v. American Dredging Co., D.C.D.N.J.1955, 129 F. Supp. 602; Henry Kraft Mercantile Co. v. Hartford Acc. & Ind. Co., D.C.W.D. Mo.1952, 107 F.Supp. 505, with Industrial Lithographic Co. v. Mendelsohn, D.C.D.N.J.1954, 119 F.Supp. 284 and Reynolds v. Bryant, D.C.S.D.N.Y.1952, 107 F.Supp. 704.

Defendant relies on Allison v. American Airlines, D.C.N.D.Okl.1953, 112 F. Supp. 37. The plaintiff there brought suit against his former employer for damages for breach of his employment contract. Joined with this was a claim against a former fellow employee for inducing the employer to terminate the plaintiff's employment. Upon removal by the employer, the issue under § 1441 (c) necessitated decision as to whether the claim against the employer was "separate and independent" from that against the defendant employee, with whom the plaintiff had identity of citizenship. While discussing but not deciding the important question of whether local law provided for relief against the breach-inducing employee the court held the claims "separate and independent" on the grounds that (1) there can be no joint liability between the tortfeasor who induces the breach and the contracting party who breaches, because the latter cannot be said to "induce" the breach of his own contract; (2) the theories are distinct even though many of the operative facts used to establish the different theories of liability will be

F.Supp. 639; Fair Oaks Transportation Co. v. Central Mfrs.' Mut. Ins. Co., D. C.S.D.N.Y.1954, 127 F.Supp. 507; Compressed Paper Box Corp. v. Fidelity-Phenix F. Ins. Co., D.C.D.Conn.1954, 124 F. Supp. 561; Ryan v. Tollefson, D.C.E.D. N.Y.1954, 118 F.Supp. 420; South Carolina Elec. & Gas Co. v. Aetna Ins. Co., D.C.E.D.S.C.1953, 114 F.Supp. 79; Henry Kraft Mercantile Co. v. Hartford Acc. & Ind. Co., D.C.W.D.Mo.1952, 107 F. Supp. 505; Montrey v. Peter J. Schweitzer, Inc., D.C.D.N.J.1952, 105 F.Supp. 708; Boncek v. Pennsylvania R. Co., D.C.

N.J.1952, 105 F.Supp. 700; Board of Education of Marlboro Tp., Monmouth County v. Hartford Fire Ins. Co., D.C. D.N.J.1952, 105 F.Supp. 697.

5. Leppard v. Jordan's Truck Line, D.C.E. D.S.C.1953, 110 F.Supp. 811; Kornegay v. Hardware Mut. Fire Ins. Co., D.C.E. D.N.C.1952, 106 F.Supp. 347. See also Lumbermen's Mutual Casualty Co. v. Elbert, 1954, 348 U.S. 48, 75 S.Ct. 151.

6. The plaintiff does not, for example, claim punitive damages from one defendant and not from others.

identical; (3) that the measure of damages may be different, since the tort-feasor may be held liable for damage caused by the inducement itself, that is the means used may lead to damage distinct from the liability of the contracting party for the breach. However, the Allison case fails to note the holding of the Supreme Court in American Fire & Cas. Co. v. Finn, supra, decided in 1951, and its construction of § 1441(c) as a statute designed to restrict federal jurisdiction, 341 U.S. at page 16, 71 S.Ct. at page 541. The reliance in Allison on a different rule of damages to measure different aspects of the same injury has no relevance here, for plaintiff Knight alleges no injury because of Dodge's inducement alone. The wrong for which Knight seeks redress arises on account of its success.

Moreover, the Allison case is contrary to the reasoning of a case in this circuit, mentioned earlier, Mayflower Industries v. Thor Corp., supra. There Mayflower, a former distributor of Thor's products, sued Thor, an Illinois corporation, for breach of the distributorship agreement, and in the same suit sued Teldisco, a New Jersey corporation, Thor's replacement of Mayflower in its distributorship scheme, for tortious interference with the Thor-Mayflower contractual relationship. After removal from the state to the federal court, the case reached the Court of Appeals upon denial of injunctive relief, and that court ordered that it should be remanded to the New Jersey courts. Applying the single wrong test it was held that the expression of both tort and contract theories were "at most but two aspects of a single economic injury", 184 F.2d at page 539, and did not amount to a statement of "separate and independent" causes of action because of "the relationship of the two claims in subject matter and essential factual basis". 184 F.2d at page 538.

■ For federal jurisdictional purposes under § 1441(c) it may be said that there is an identity of facts in this and the Mayflower case, for in both, claims in tort for inducing a breach of contract were joined with claims in contract against the party induced to breach. The Mayflower case of this circuit controls this one. In short, Knight's claims against Dodge are not sufficiently disassociated from his claims against the New Jersey residents. See American Fire & Cas. Co. v. Finn, 341 U.S. at pages 10–12, 71 S.Ct. at pages 538–539.

The motion to remand will be granted.