Jake DURHAM, Plaintiff,
v.
IRISH SHIPPING, LTD.,
and
Reading Company, Defendants.
Civ. A. No. 30982.

United States District Court
E. D. Pennsylvania.
May 1, 1962.

Joseph Weiner, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Harrison G. Kildare, Rawle & Henderson, Philadelphia, Pa., for defendant, Irish Shipping, Ltd.

Lynn L. Detweiler, Swartz, Campbell & Henry, Philadelphia, Pa., for defendant, Reading Company.

CLARY, Chief Judge.

This matter comes before the Court on plaintiff's motion to remand.

The plaintiff, a longshoreman, employed by T. Hogan Corporation, sustained injuries while engaged in loading cargo of bulk grain aboard the steamship "Irish Poplar", which was moored at Pier E, Port Richmond, Philadelphia, Pennsylvania, on or about November 22, 1961. It is alleged that these injuries were suffered when a grain chute owned and operated by defendant, Reading Company, fell and struck the plaintiff.

Plaintiff filed a complaint in Common Pleas Court No. 5 of Philadelphia County, Dec. Term 1961, No. 1363, against both the vessel owner and the Reading Company alleging that his injuries were due to the carelessness and negligence of both defendants and the unseaworthiness of the vessel.

The plaintiff and defendant, Reading Company, are citizens of the State of Pennsylvania. The defendant, Irish Shipping, Ltd., is a foreign corporation organized under the laws of Ireland.

Within the time permitted by the rules, defendant, Irish Shipping, Ltd., removed this action from the State Court to this Court allegedly in accordance with the provisions of 28 U.S.C.A. §§ 1441(c) and 1446(a). Plaintiff then filed his motion.

The sole issue before the Court on this motion is whether or not this case comes within the purview of 28 U.S.C.A. § 1441(c). That section provides:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Therefore, in order for a Federal Court to acquire jurisdiction by removal under the above section, there must exist "a separate and independent claim or cause of action."

■ The most frequently applied measure of jurisdiction under Section 1441(c) is the one sanctioned by the United States Supreme Court in American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1950), wherein the Court said:

"* * * we conclude that where there is a single wrong, to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." (341 U.S. at page 14, 71 S.Ct. at page 540).

■ In determining whether or not "a separate and independent claim or cause of action" existed to warrant removal, this Court must look to the allegations in the plaintiff's complaint. Ryan v. Tollefson, D.C., 118 F.Supp. 420 (1954). That allegation in the complaint which is most crucial in this case is made in paragraph 8. It is alleged that:

"* * * because of the defective, unsafe and unseaworthy condition of the ship and the negligence of the defendant, the grain shooter or a portion thereof was caused to fall suddenly and strike the plaintiff, as a result of which he sustained the injuries which are more specifically set forth hereinafter."

In paragraph 9 of the complaint, the plaintiff alleges various facts which constitute carelessness and negligence on the part of the defendant, Irish Shipping, Ltd., and which also made the S. S. "Irish Poplar" unseaworthy. Paragraph 10 consists of allegations of facts which constitute carelessness and negligence on the part of the defendant, Reading Company. In paragraph 11, the plaintiff summarizes his claim in the following manner:

"Solely by reason of the carelessness and negligence of the defendants and each of them as aforesaid and the unseaworthiness of the vessel as set forth above, plaintiff sustained severe injury * * *."

■ The gravamen of the plaintiff's case, as viewed from his complaint, is the fall of a grain shooter which caused his injuries. Thus, it is clear that the plaintiff seeks redress for but one wrong or injury. Only one interest of the plaintiff was invaded, and that was his right to remain free from personal injuries. Pate v. Standard Dredging Corp., 193 F.2d 498 (C.A.5, 1952).

The fact that plaintiff claims both in tort for negligence and under the maritime law for unseaworthiness of the vessel does not automatically make them "separate and independent," where the ultimate legal objective remains the same. Section 1441(c) requires a separate and independent claim, not just a separate and independent theory. Knight v. Chrysler Corp., D.C., 134 F.Supp. 598 (1955).

■■ Also, working against the contention of the defendant, Irish Shipping, Ltd., is the fact that under the circumstances of this case, a full recovery from one defendant would bar further recovery

from the other defendant. In such a situation, there can be no "separate and independent claim or cause of action." Such a test was first suggested by Judge Goodrich in his concurring opinion in Mayflower Industries v. Thor Corp., 184 F.2d 537 (C.A.3, 1950), cert. den. 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342.

For the above stated reasons, this Court finds that the defendant, Irish Shipping, Ltd., does not have a separate and independent cause of action asserted against it; therefore, the plaintiff's motion to remand will be granted.