**CITY OF PHILADELPHIA**

v.

**DeSABATO, INC. and Maryland Casualty Company.**

**Civ. A. No. 72–1158.**

United States District Court, E. D. Pennsylvania.

Sept. 5, 1972.

Karl I. Schofield, Deputy City Sol., Philadelphia, Pa., for plaintiff.

Lynn L. Detweiler, Philadelphia, Pa., for Maryland Cas. Co.

J. V. Furlong, Jr., Philadelphia, Pa., for DeSabato, Inc.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In this action, defendant, DeSabato, Inc., submitted the lowest bid on a public works contract for the construction of a sewerage line. Thereafter, plaintiff and defendant, DeSabato, entered into a contract for the construction of said sewer, and defendants, DeSabato and Maryland Casualty Company, as surety, executed a performance bond. Upon DeSabato's failure to commence work upon notice, plaintiff confessed judgment on the bond against defendants in the Court of Common Pleas of Philadelphia County. Defendant, Maryland Casualty Company, removed the case to this Court pursuant to 28 U.S.C. § 1441(c) and before the Court is plaintiff's motion to remand.

The contract between the plaintiff and DeSabato provided in pertinent part that:

> "The Contractor will not be required to proceed with the work of any contract, if, for any reason for which he is not responsible, the work cannot be commenced within three (3) months from the date of the execution of the contract, except in the case of contracts for street improvements, when six (6) months shall be the limiting period, and in such case, at the request of the Contractor, the contract shall be declared null and void."

Upon the expiration of three months, DeSabato had received no notice to commence the work under the contract and, thereby, notified the city that the contract was null and void. Within the following three months, plaintiff, taking the position that the contract was one for street improvements requiring six months' notice, advised DeSabato to commence work. Upon DeSabato's failure to proceed under the contract, plaintiff entered the above mentioned confession of judgment against defendants. Thus, the issue on the merits appears to be whether the contract was one providing for street improvements.

The performance bond entered into between defendants provides that DeSabato and Maryland Casualty Company, as surety, are jointly and severally liable to plaintiff in the sum of $605,000. Upon the entry of the confession of

judgment, defendant, Maryland Casualty Company, petitioned the Court of Common Pleas to open the confessed judgment on the ground that the contract was not for street improvements and, therefore, was null and void. Subsequently, Maryland Casualty Company removed the case to this Court and filed a motion to strike or open the judgment by confession.

■ Insofar as this case involves no federal question, the statutory basis for removal could only be 28 U.S.C. § 1441(a) or (c). Since plaintiff is a municipal corporation situated in Pennsylvania corporation and defendant DeSabato, Inc., is a Pennsylvania corporation, complete diversity is lacking, thereby rendering 28 U.S.C. § 1441(a) inapplicable in that the District Court would not have original jurisdiction over this matter. As its basis for removal, defendant, Maryland Casualty Company, therefore, relied on 28 U.S.C. § 1441(c) which provides as follows:

"Whenever a *separate and independent claim or cause of action*, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

In 1948, Congress amended Section 1441(c) to provide that an action may be removed under that section where a "separate and independent claim or cause of action" is stated. In American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court determined that the purposes of the amendment were to simplify the prior statute and to limit removal from state courts. 341 U.S. at 9–10, 71 S.Ct. 534. In *Finn*, a Texas citizen sued two foreign insurance companies and their local agent, a Texas citizen, seeking recovery on fire insurance policies. Plaintiff alleged that the insurance companies were separately liable or, in the alternative, were jointly and severally liable for the loss and that the agent was responsible for keeping her house insured. The insurers removed the case to federal court pursuant to Section 1441 (c) and judgment was ultimately entered against American Fire and Casualty Company for the amount of the loss. Thereafter, the company sought to vacate the judgment on the ground that the action was improperly removed under Section 1441(c). The Supreme Court sustained this contention, concluding that:

"Where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540.

For the most part, the progeny of *Finn* have likewise taken a restrictive view of removal under Section 1441(c). In Knight v. Chrysler Corp., 134 F.Supp. 598 (D.N.J.1955), the Court held that joint liability among defendants, some of whom have a common state citizenship with their plaintiff, forecloses a finding of a separate and independent cause of action. The Court further held that where full recovery from one defendant would bar further recovery from another, there can be no separate and independent cause of action. 134 F.Supp. at 601. *See also* Durham v. Irish Shipping, Ltd., 204 F.Supp. 68, 69–70 (E.D.Pa.1962). Finally, in Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174 (9th Cir. 1969), the Court of Appeals held that "a single wrong cannot be parlayed into separate and independent causes of action by multiplying the legal theories upon which relief is sought or by multiplying defendants against whom a remedy is sought for the same injury." 412 F.2d at 1176.

■ In the instant case, there is a single alleged wrong—the failure to commence work under the contract. The defendants are jointly and severally liable to the plaintiff on the bond, and re-

covery by plaintiff from one defendant would bar recovery from the other. Moreover, it is immaterial that the plaintiff might proceed against De-Sabato on the contract or against Maryland Casualty Company on the bond. We have, therefore, concluded that plaintiff's claim against the contractor on one hand and the surety on the other hand are inextricably interwoven so as to preclude a finding of a "separate and independent claim or cause of action" within the meaning of Section 1441(c).

Defendant, Maryland Casualty Company, principally relies upon Crosby v. Paul Hardeman, Inc., 414 F.2d 1 (8th Cir. 1969) for the proposition that there exists a separate and independent cause of action between plaintiff and itself. In *Crosby,* a construction equipment owner filed suit, seeking compensation for the use of equipment in the construction of transmission lines for the Arkansas Power and Light Company. [APL] The action was against the original contractor and its surety, the APL, and the successor contractor as defendants. Since the requisite complete diversity between the parties was lacking, the diverse defendants removed pursuant to Section 1441(c). The Court of Appeals, in affirming the refusal of the District Court to remand the case, found that a separate and independent cause of action existed between plaintiff and the original contractor and its surety on one hand and plaintiff and the APL and the successor contractor on the other hand. Relying on Climax Chemical Co. v. C. F. Braun & Co., 370 F.2d 616 (10th Cir. 1966), cert. denied 386 U.S. 981, 87 S.Ct. 1287, 18 L.Ed.2d 231 (1967), the Court concluded that the *Finn* case requires "substantive separability and no more". 414 F.2d at 5. We find *Crosby* inapposite in the instant case in that here even "substantive separability" of the claims is lacking. In *Crosby,* the separate and independent claims covered two distinct time periods—the first covered the rental of equipment by the original contractor, and the second by the successor contractor. Here, our attention is focused on but one contract and the question is whether that contract has been breached by DeSabato. There has been but one "single wrong", if any, and this case falls precisely within the purview of *Finn.* Accordingly, plaintiff's motion to remand will be granted.