**ALLISON v. AMERICAN AIRLINES,**
**Inc. et al.**
**Civ. No. 3132.**

United States District Court
N. D. Oklahoma.

April 14, 1953.

Disney, Hart & Disney, Tulsa, Okl., for plaintiff.

Debevoise, Plimpton & McLean, New York City, and Savage, Gibson & Benefield, Oklahoma City, Okl., for defendant.

WALLACE, District Judge.

The plaintiff, Wayne Allison, brings this action against American Airlines, Inc., a corporation, and Joe S. Anderson, an employee of the defendant corporation.

The plaintiff now moves to remand this action to the State Court inasmuch as both the plaintiff and the defendant, Anderson, are citizens of the State of Oklahoma.

Defendant, Anderson, is charged with having "falsified records and misrepresented facts" which brought about a breach of an employment contract between the plaintiff and the defendant, American. Thus in substance the defendant, Anderson, is charged with "inducing" a breach of contract and with interfering with business relations.

Defendant, American, is sued for breach of contract.

There is a very serious question whether a cause of action is stated against Anderson individually; the allegations in the complaint state in substance that Anderson was acting within the scope of his employment and that any acts which in fact were without the scope of his employment were subsequently ratified in their entirety by American.

▬▬ Generally, where an employer ratifies the tortious acts of its servant, this does not absolve the employee from personal liability for the tort, but does thereby make the employer equally liable for its commission. However, in this case, such does not follow, inasmuch as the tort committed, if any, by the employee is for "inducing" a breach of contract; thus, although an employer may be guilty of breaching its contract, it cannot be guilty of "inducing" the breach of its own contract; and, the liability of the employer is limited to compensatory damages directly flowing from such breach.[1]

In Vassardakis v. Parish the court said:[2]

"* * * However, counsel for Myers contends that Myers is immune from any personal liability for inducing the corporation to breach the contract by the mere fact that he was at the time an officer and director of the corporation, citing Greyhound Corporation v. Commercial Casualty Insurance Co., 259 App.Div. 317, 19 N.Y.S. 2d 239; [citing cases].

"It is undoubtedly true that an employee or officer of a corporation may have the right, and perhaps the duty, of inducing the corporation to breach a contract of the corporation with a third party if it appears to him to be for the best interests of the corporation to do so, as in the Greyhound case, supra [1940, 19 N.Y.S.2d 239].

"I agree that an employee or officer of a corporation who, in good faith and believing it to be for the best interest of the corporation, seeks to have the corporation breach its contract with a third party, should be absolved from a suit of this character for the reason that his acts are not without justification. However, such employee or officer must in good faith be serving the interest of the corporation and with justification. The Hornstein case expressly makes lack of justification a condition precedent to liability, and in the Greyhound Corporation case the court notes that there is no allegation that the defendants 'profited in any way by the alleged deceit upon their principal'. 259 App.Div. at page 319, 19 N.Y.S.2d at page 241." (Insert supplied.)

Thus, as there is no express allegation that Anderson, the employee, personally benefited from his acts which lead to the discharge of the plaintiff by the defendant, American, it is very questionable that a cause of action is stated against Anderson; it may well be argued that what Anderson did, he did for the good of American and

1. Western Union Tel. Co. v. Reeves, 1912, 34 Okl. 468, 126 P. 216; Trustees of Horton's Estate v. Sherwin, 1917, 63 Okl. 259, 164 P. 469; Colby v. Daniels, 1927, 125 Okl. 202, 257 P. 298. Also, see 23 Okl.Stat.1951 § 9.

2. D.C.N.Y.1941, 36 F.Supp. 1002, 1005.

that with American's subsequent ratification of all his acts, American must solely be looked to for damages directly flowing from the breach of contract.

However, the ultimate decision of whether a cause of action has been stated against Anderson can temporarily be deferred inasmuch as the jurisdiction of this court can be sustained upon another ground.

It appears to the court that clearly two distinct causes of action are pleaded here and that under 28 U.S.C.A. § 1441(c) which deals with the removability of separable causes of action, this case has been properly removed.[3]

 The first cause of action is against Anderson, the employee, for "inducing" a breach of contract and of interfering with a business relationship to the detriment of the plaintiff; there is no way that defendant American can be jointly liable for these acts, even though ratified by American, inasmuch as no person or company can be guilty of "inducing" himself or itself to breach his or its own contract; the person or company can only be liable for a "breach" of the contract and responsible for the damages flowing from such breach.

The second cause of action is against American for "breach" of contract; if a breach has occurred the American is responsible *only* for such compensatory damage which directly flowed from such breach; the employee, Anderson, cannot be personally liable for such "breach" of contract, although he may be liable for "inducing" the breach or for any damage resulting from "interfering" with a business relationship.

 It seems apparent that no true joint liability exists as to the two defendants here. Although the two causes of action will center around many facts which are identical the two causes of action must be established from separate viewpoints and upon distinct theories; it is also noteworthy that the measure of damage is different. For "inducing" a breach of contract or for "interfering" with a business relationship Anderson can be held for all damages which flow from such interference, irrespective of whether a breach of contract is established; in this connection Anderson may also be liable for punitive damages.[4] As mentioned previously, the American, at most, is liable only for such damage which directly flowed from its breach of contract.

Another point not to be ignored is that if these parties had been sued separately in different court actions, a judgment against one would not necessarily preclude a subsequent action and judgment against the other. This accents the separable and diverse nature of the causes of action.

Motion to remand is hereby overruled.

3. Section 1441(c) provides: "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

4. Schlesinger Co. v. Rice, 1950, 4 N.J. 169, 72 A.2d 197.