Sheldon H. GUESS, Plaintiff,

v.

KELLOGG SWITCHBOARD AND SUPPLY COMPANY, a corporation, International Telephone and Telegraph Corporation, a corporation, C. A. Mitchell, Malcolm Jafferies et al., Defendants.

Civ. No. 35102.

United States District Court
N. D. California, S. D.

Aug. 8, 1956.

Hadsell, Murman & Bishop, San Francisco, Cal., for plaintiff.

Pillsbury, Madison & Sutro, San Francisco, Cal., for International Telephone & Telegraph Corp.

J. Joseph Sullivan, San Francisco, Cal., for Malcolm Jafferies.

C. A. Mitchell, San Anselmo, Cal., pro se.

CARTER, District Judge.

Plaintiff brought suit in the Superior Court of the State of California against a corporate defendant and two individual defendants, alleging generally that he was wrongfully suspended as an employee by the corporation, and that the individual defendants wrongfully induced the corporation to suspend him. The suit was removed to this Court by the corporate defendant and plaintiff now moves to remand.

The complaint is in seven counts, and contains allegations that the defendants negligently, wrongfully and maliciously caused plaintiff to be suspended from his employment, and contains a prayer for declaratory relief, for an injunction against plaintiff's further suspension from his employment, an accounting, compensatory damages, and punitive damages. Although the amount in controversy is in excess of $3,000 and there is diversity of citizenship between plaintiff and the corporate defendant, the two individual defendants are citizens of the same state as the plaintiff. The corporation bases its removal on the ground that the joinder of the individual defendants is a sham, and on the ground that in any case there is a separate cause of action stated against the corporation which renders the entire case removable under 28 U.S.C.A. § 1441(c). The latter statute provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The contention that joinder of the individual defendants by the plaintiff is a sham, cannot be supported. The complaint is designed to obtain a joint judgment against all of the defendants, and at least "colorable" grounds for such a judgment have been pleaded. In Smith v. Southern Pacific Co., 9 Cir., 187 F.2d 397, 401, the court said:

"But this is not the test in removal cases. The only question we have to determine is whether the complaints evidence a real intention to secure a joint judgment, and colorable ground for it was shown as the record stood when the causes were removed from the state court."

The corporation argues that plaintiff's motive in joining the individual defendants was to defeat removal. It is clear, however, that plaintiff's motive is immaterial. See Albi v. Street & Smith Publications, 9 Cir., 140 F.2d 310, 312, where the court said:

" * * * it is universally thought that the motive for joining such a defendant is immaterial. It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal."

Since the corporation has failed to show that plaintiff does not have a cause of action against the individual defendants, it is the conclusion of this Court that the joinder of those defendants was proper.

Defendant corporation relies almost entirely on the case of Hamilton v. Empire Gas & Fuel Co., 8 Cir., 297 F. 422, certiorari denied 266 U.S. 607, 45 S.Ct. 92, 69 L.Ed. 465, to support its argument that the complaint discloses a separate

cause of action against it. In that case the plaintiff had granted an oil lease to the corporate defendant. The complaint alleged that the corporate defendant also held oil leases on property surrounding that of plaintiff; that the individual defendants were the managing agents of the corporation; and that the defendants refused to develop plaintiff's land although they had drilled wells on adjoining lands, thereby draining oil from under plaintiff's property. There were allegations that the defendants acted negligently and wilfully, and that ill will existed between plaintiff and the defendants. The court held that the complaint set forth two causes of action, in effect, one for breach of contract against the corporate lessee for violation of an implied covenant of the oil lease, and another in tort against all the defendants jointly for negligent management of the pumping of wells on plaintiff's land.

██ The corporate defendant here seeks to analogize the Hamilton case to the case at bar, claiming that the complaint in the instant case in reality comprises one cause of action against the corporation for breach of a contract of employment, and another cause of action in tort against the individual defendants for interference with contract relations. The weakness in the Hamilton case is that the court was primarily concerned with the theory of the action—whether it was based on tort or contract—and the case was decided at a time when the test of removability (under the predecessor to 28 U.S.C.A. § 1441(c)) was whether there was a "separable controversy." The court said, 297 F. at page 429:

"The removal of this separable controversy carried the whole case into the federal court."

This test was deliberately changed by Congress in 1948 when Section 1441(c) was enacted in its present form. The change and its significance was carefully considered in the leading case of American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. The Court stated its conclusion, 341 U.S. at pages 13–14, 71 S.Ct. at page 540:

"Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C. § 1441 (c), 28 U.S.C.A. § 1441(c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

The congressional purpose referred to, is the limitation of the right of removal, rather than an intention to expand it. The test of removability now is whether there is a separate cause of action, and that question is answered by determining whether or not more than one of the plaintiff's basic rights is alleged to have been invaded.

Knight v. Chrysler Corporation, D.C. D.N.J., 134 F.Supp. 598, is factually more similar to the case at bar than the Hamilton case. There the plaintiff had been operating a new car dealership; he alleged that the corporate defendants wrongfully terminated his dealership, and that other defendants wrongfully induced the corporations to so terminate his dealership. One of the corporate defendants claimed a right of removal on the ground that there was a separate cause of action stated against that defendant. The court held that there was only one cause of action because the plaintiff complained of only one injury— the cessation of delivery to him of automobiles and the consequent cessation of his business. The court held, 134 F. Supp. at page 601:

"The fact that some of plaintiff's claims are in tort and some in contract does not serve automatically to make them 'separate and independent' where, as here, the ultimate legal objective remains the same. It requires a separate and independent claim, not just a separate and independent theory, to meet the jurisdictional test of § 1441(c)."

The court distinguishes a previous case which rendered a contrary decision, on

the ground that the previous decision "fails to note the holding of the Supreme Court in American Fire & Casualty Co. v. Finn, supra, decided in 1951, and its construction of § 1441(c) as a statute designed to restrict federal jurisdiction * * *." 134 F.Supp. at page 602.

The approach to the problem in the Hamilton case, with its emphasis on whether the theory of a complaint is based on tort or contract, has been superseded. Since the plaintiff in the case at bar complains of only one wrong—his suspension from his employment—it is the opinion and conclusion of this Court that the complaint sets forth one cause of action, and not two or more separate causes of action. Thus there is not the requisite diversity of citizenship between the parties to support removal of this action from the state court.

Accordingly, the plaintiff's motion to remand is hereby granted.

Counsel for plaintiff shall prepare and present an order in conformity herewith.