478

LaVon HARRIS, Plaintiff,

v.

The EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES and Robert Smyth, Defendants.

Civ. A. No. 3–730.

United States District Court S. D. Iowa, Central Division.

Jan. 9, 1957.

W. K. Doran, of Doran, Doran, Doran, Erbe & Doran, Boone, Iowa for plaintiff.

Phineas M. Henry, Ralph A. Church, Luther L. Hill, Jr., Des Moines, Iowa, for defendants.

REEVES, District Judge.

It is alleged in the complaint that the defendants, The Equitable Life Assurance Society and one Robert Smyth, conspired to bring about a breach of the contract of insurance of the defendant Assurance Society. The cause was brought in the state court and removed to this court on the ground of a separable controversy.

Able counsel for the plaintiff has endeavored to engraft upon a suit for breach of contract, a conspiracy. In the case of Sewell v. J. E. Crosbie, Inc., 127 F.2d 599, loc. cit. 602, the Court of Appeals, this Circuit, covered the identical point as follows:

"(5) Charges that a party to a contract colluded or conspired with others in connection with its breach will not serve to convert what is essentially a separable cause of action for a breach of contract into a joint cause of action for tort."

Other cases might be collated and cited in support of the proposition that a contracting party cannot conspire to bring about a breach of his contract. Moreover, it is fundamental that there can be no conspiracy to procure a breach of contract resulting in damage in the absence of false or fraudulent representations, threats, violence, intimidation, or coercion. According to the complaint nothing like this occurred in the current action.

It follows that the suit is one in contract to which the co-defendant Smyth is not a party and that the motion to remand should be and will be overruled.