George SHELLEY, Plaintiff,

v.

THE MACCABEES, Emile A. Haar, David A. Hersh, Robert E. Morris, R. B. Twogood, R. L. Kester, L. F. Ayer, C. Robert Young, A. F. Devine and Joseph E. Navarre, Defendants.

Civ. No. 20123.

United States District Court
E. D. New York.

Nov. 10, 1959.

Manning, Hollinger & Shea, New York City, for plaintiff. Bruce A. Hecker, Ralph L. Ellis, William Schurtman, New York City, of counsel.

Watters & Donovan, New York City, for defendants, The Maccabees and Emile A. Haar. Francis A. McGrath, Brooklyn, N. Y., Julian Carr, New York City, of counsel.

BRUCHHAUSEN, Chief Judge.

The plaintiff, a citizen of New York, moves for the remand of this action to a State court from which it was removed upon the application of the defendant, The Maccabees, a Michigan corporation.

The said defendant caused its removal to this court, pursuant to 28 U.S.C. § 1441(c), reading as follows:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The issue presented for determination is whether the complaint comprises an independent cause of action against The Maccabees for breach of contract. It is not disputed that the claims against the individual defendants for inducing breach of contract, if sued upon alone, would be removable.

The first cause of action, alleged in the complaint, in substance is as follows:

1. That The Maccabees entered into an agreement to sell to plaintiff for the sum of $1,198,000 certain insurance commissions to which he was entitled.

2. That four of the individual defendants agreed to and did persuade the other individual defendants, directors of The Maccabees, to vote to cancel said agreement.

3. That the defendants, individually and jointly, wrongfully and maliciously, interfered with the contractual relations between The Maccabees and plaintiff and induced The Maccabees to breach the agreement by improperly voting to cancel it.

4. That by reason thereof plaintiff was damaged in the sum of $1,198,000 for which recovery is demanded against the defendants.

The second cause of action is similar to the first excepting that it pertains to a separate contract for the sale by the plaintiff to The Maccabees of his personal property and the goodwill of his business for the sum of $1,000,000, for which recovery is demanded against the defendants.

The third cause of action likewise pertains to a contract between plaintiff and The Maccabees, whereby plaintiff was employed as a manager of The Maccabees insurance activities in three named States at an annual salary, the amount whereof is not stated, with an expense allowance, commissions and a bonus arrangement. The defendants are charged with inducing a breach and damages are sought against them in the sum of $3,-000,000.

The fourth cause of action sets forth a conspiracy by the defendants to destroy plaintiff's business and abrogate the various contracts and $6,000,000 damages are sought from the defendants therefor.

The aforesaid statute is construed in the cases of American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, and Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069.

In the said American Fire & Casualty Co. case, the court wrote [341 U.S. 6, 71 S.Ct. 539]:

"In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. * * *

" 'A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.' (quoting from the Baltimore case)

" * * * we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c). * * *

"The single wrong for which relief is sought is the failure to pay compensation for the (fire) loss on the property.

" * * * the damage comes from a single incident."

The plaintiff's contention that The Maccabees corporation was merely named as a defendant for the purpose of showing it was a co-conspirator with the individually named defendants lacks merit. The defendant, The Maccabees, could not conspire with itself to induce itself to breach a contract to which it was a party.

An allegation of actual breach of the contract is an element of a cause of action for inducement of such breach. The plaintiff proceeds beyond that point and alleges in paragraph 12 of the complaint that the "defendants" (including The Maccabees) induced the Society (The Maccabees) to breach the contract and concludes with a demand for judgment for the damages against the defendants (including The Maccabees). It is perfectly plain that these allegations, if proved at the trial, would warrant a judgment against The Maccabees for damages for breach of contract. Applying the principles of The American Fire & Casualty Co. case, supra, it is clear that the plaintiff has alleged two separate wrongs or violations of rights, i. e., an inducement to breach a contract and the actual breach, occurring subsequently to the act of inducement, together with damages for such breach. Furthermore, the relief to which the plaintiff claims to be entitled is not limited to recovery for a single wrong as in The American Fire & Casualty Co. case, supra, but comprises a claim for compensatory damages for the breach against The Maccabees and a claim against the individual defendants for damages for the inducement to breach, including punitive damages.

The motion is denied.