GUSTAVESON, INC., a corporation,
Plaintiff,

v.

GRAYBAR ELECTRIC COMPANY, Inc.,
a corporation, and Allen-Bradley Company, Inc., a corporation, Defendants.

Civ. A. No. 14494-4.

United States District Court
W. D. Missouri, W. D.

Oct. 22, 1963.

Terrell, Hess, Van Osdol & Magruder, Kansas City, Mo., for plaintiff.

Watson, Ess, Marshall & Enggas, Kansas City, Mo., for Graybar Elec. Co.

Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for Allen-Bradley Co., Inc.

BECKER, District Judge.

Plaintiff, a Missouri business corporation with its principal office and place of business in Missouri, brought this action in the Missouri state court against defendant Graybar Electric Company, Inc., a corporation, and Allen-Bradley Company, a Wisconsin corporation, with principal offices and place of business in Wisconsin.

The petition filed in the state court alleged that in 1962 Iowa State University was undertaking the construction of a physical education building requiring specialized electrical control equipment; that the electrical contractor employed for the electrical installation and work was Meisner Electrical Company; that defendant Graybar had contracted with the electrical contractor to supply it with certain of the electrical equipment for the project; that plaintiff submitted to Graybar a bid to furnish four motor control centers and one transfer unit in accordance with specifications for $8425; that plaintiff's bid was accepted and written purchase order issued by defendant Graybar evidencing the agreement; that the time for furnishing the said equipment depended on completion of prior stages of construction; that at all times plaintiff has been ready, able and willing to perform its contract to fabricate and supply said equipment, and to comply with the specifications and any other reasonable requirement of the owner's consulting engineer.

The petition further alleges that Graybar without notice or consultation with plaintiff issued to plaintiff a written "change order" undertaking to cancel and rescind the contract to purchase from plaintiff, stating as a reason therefor "inability to obtain owner approval" of plaintiff's equipment; that said attempted cancellation was without just cause or basis and constituted a breach of the contract between plaintiff and defendant Graybar, resulting in damages of $2,282.06.

Plaintiff further alleges that the breach of contract by Graybar was caused or induced by the willful, malicious and

474

coercive interference of defendant Allen-Bradley by willfully, maliciously and falsely disparaging the plaintiff's equipment to the representatives of the University for the purpose of interfering with plaintiff's contractual relationship with Graybar and securing the business of supplying the equipment for Allen-Bradley.

The petition seeks recovery of compensatory damages of $2,282.56 from defendants Graybar and Allen-Bradley and in addition seeks recovery of $25,000 punitive damages from defendant Allen-Bradley.

Defendant Allen-Bradley filed a timely petition for removal. Defendant Graybar, sued for only $2,282.56, did not petition for removal. Plaintiff has moved to remand.

### The Authorities

Plaintiff in moving to remand relies principally upon American Fire and Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, Mayflower Industries v. Thor Corp. (C.A. 3) 184 F.2d 537, cert. den. 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342, and Knight v. Chrysler Corp. (D.N.J.) 134 F.Supp. 598.

Defendant Allen-Bradley relies principally on the Finn case, supra, on Allison v. American Airlines, Inc. (N.D.Okl.) 112 F.Supp. 37, and on Shelley v. The Maccabees (E.D.N.Y.) 180 F.Supp. 517.

This is a suit by a single plaintiff against two defendants upon two claims for relief. Claim one is for breach of written contract against Graybar. Diversity exists but this claim standing alone is not removable because the jurisdictional amount is not present. Claim two is a tort claim for inducing breach of the contract against Allen-Bradley. Diversity and the jurisdictional amount are present in claim two, which would be removable if sued on alone. The defendant in claim two, Allen-Bradley, has removed the entire action.

Whether the cause should be remanded depends upon whether claim two against Allen-Bradley is "a separate and independent claim or cause of action"

as the term is used in Section 1441(c), as construed by the Finn case, supra.

Section 1441(c) enacted in 1948 reads as follows:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

On the critical question the cases are directly in conflict. Supporting the contention that the claims are separate and independent where one plaintiff sues multiple defendants for breach of contract and inducing breach of the same contract are these cases cited by defendant. Allison v. American Airlines, Inc. (N.D.Okl.) 112 F.Supp. 37; Shelley v. The Maccabees (E.D.N.Y.) 180 F. Supp. 517. Supporting plaintiff's contention that the claims are not separate and independent are these cases cited by plaintiff. Mayflower Industries v. Thor Corp. (C.A. 3) 184 F.2d 537, cert. den. 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342; Knight v. Chrysler Corp. (D.N.J.) 134 F.Supp. 598; Guess v. Kellogg Switchboard & Supply Co. (N.D.Cal.) 143 F. Supp. 807.

It is concluded that the latter opinions in the Mayflower, Knight and Guess cases represent the better reasoned decisions and the weight of authority.

For example the Allison case, supra, speaks of the "separable and diverse nature of the causes of actions." It is the "separable" controversy doctrine that Section 1441(c) has repealed and replaced. 1A Moore, Federal Practice ¶ 0.163 [4.–1], p. 701. See the Finn case where it is carefully pointed out:

"A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action." 341 U.S. 6, l. c.

11, 71 S.Ct. 534, l. c. 538–539, 95 L.Ed. 702.

See also Moore and VanDercreek, Multi-Party, Multi-Claim Removal Problems: The Separate and Independent Claim under Section 1441(c), 46 Iowa L. Rev. 489, l. c. 498–99; Wright, Federal Courts (West Pub. Co., 1963) Ch. 39, 115–20.

The general considerations announced in Young Spring & Wire Corp. v. American Guarantee and Liability Ins. Co. (W. D.Mo.) 220 F.Supp. 222 apply in this case of doubt and of conflict in the decided cases directly in point.

For the reasons given it is hereby

Ordered that this cause be, and it is hereby, remanded to the Circuit Court of Jackson County, Missouri.