Virginia **GRIEBEL**, Eugene Griebel, Individually and d/b/a Griebel Implement Company and Griebel Implement Company, Inc., Plaintiffs,

v.

**J. I. CASE CREDIT CORPORATION, J. I. Case Company, Merle Krinke, Donald Zierke** and **Perry Muske, Defendants.**

No. 2–67 Civ. 266.

United States District Court
D. Minnesota,
Second Division.

June 6, 1968.

---

9. 50 U.S.C. § 792a.

Rodney J. Olson, Minneapolis, Minn., for plaintiffs.

Faegre & Benson, by Gordon G. Busdicker; Karlins, Grossman, Karlins, Siegel & Brill, by Richard Siegel, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

This matter comes before the court on a motion to remand. Plaintiffs for a number of years under a dealership contract distributed in New Ulm, Minnesota and surrounding territory farm machinery manufactured by defendant J. I. Case Company. They instituted this suit (2–67 Civ. 266) against the several defendants on or about September 15, 1967, in the State of Minnesota District Court. Previously however on July 21, 1967, one of the above-named defendants, J. I. Case Credit Corporation, had instituted a lawsuit (2–67 Civ. 202) in this court against several defendants including each of the plaintiffs above-named, seeking damages in the amount of some $700,000 for the alleged wrongful retention and conversion of numerous pieces of farm machinery. Count 1 of that complaint (2–67 Civ. 202) joined some additional defendants seeking variously enforcement of financial agreements and recovery for wrongfully retaining various choses in action owned by J. I. Case Credit Corporation. The second count of 2–67 Civ. 202 proceeds on a conversion theory, alleging that the defendant Griebels (plaintiffs here in 2–67 Civ. 266) misappropriated the proceeds received from the sale of J. I. Case Credit Corporation's equipment. The third count in 2–67 Civ. 202 realleges the first count, but adds thereto rights accruing by virtue of various promissory notes signed by the Griebels, security interests in certain crops and assignments of accounts receivable. Defendants in 2–67 Civ. 202 (plaintiffs here) duly answered. The Griebels as defendants filed their answers on March 6, 1968, raising an affirmative defense of fraudulent misrepresentation by the plaintiff or its predecessor in interest in 2–67 Civ. 202, but not counterclaiming for any relief. The present removed suit (2–67 Civ. 266) arises out of the same circumstances and transactions involved

in 2–67 Civ. 202 described above and now pending before this court.

Defendants in the case at hand (2–67 Civ. 266) duly filed a timely petition for removal of the entire action to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1441 (c), and plaintiffs have countered with this motion to remand under 28 U.S.C. § 1447(c).

The plaintiff Griebels are both citizens of the State of Minnesota. The corporate plaintiff, Griebel Implement Company, Inc., is duly organized and exists under the laws of the State of Minnesota, with its principal offices and place of business within the State. Thus, for purposes of diversity of citizenship, all plaintiffs are Minnesota citizens. Each corporate defendant is organized and exists under the laws of the State of Wisconsin, with its principal offices and place of business within that state. Plaintiffs however have joined three individual defendants, Krinke, Zierke and Muske, who are all citizens of the State of Minnesota.

The case clearly involves the requisite $10,000.00 amount in controversy. Plaintiffs' contention is that removal was improper under 28 U.S.C. § 1441(c), since three individual defendants are citizens of the State of Minnesota, and accordingly argues that the case lacks diversity. Moreover, plaintiffs argue that the causes of action against the corporate defendants are not "separate and independent" from those pressed against the resident individuals. Hence, plaintiffs urge the court to remand. Defendants oppose this motion, suggesting that the "separate and independent" criteria of § 1441(c) are satisfied.[1]

The complaint thus must be scrutinized. It alleges the following factual situation: For some number of years prior to the dispute between the parties, plaintiffs were the franchised dealers for the corporate defendants engaging in the business of selling farm implements and machinery at two rural Minnesota locations. The individual defendants, Krinke, Zierke and Muske were employees, agents and representatives of the corporate defendants, and as such were responsible in one capacity or another for the sales territory including the State of Minnesota. Count 1 alleges that the several defendants conspired to destroy the extant dealership contract with the plaintiffs and their reputation and goodwill. Said conspiracy allegedly was furthered by the corporate defendants who supplied defectively designed and manufactured machinery, wrongfully refused to deliver machinery and repossessed the same without cause. Defendant individuals allegedly participated in the same acts of wrongfully refusing delivery and repossessing machinery, as well as supplying incorrect serial numbers to the plaintiffs. Count 1 in essence and despite its loose wording alleges a breach of contract on the part of one or both of the corporate defendants plus a tort of inducing breach of contract on the part of the individual defendants. Obviously, only the corporate defendants could be guilty of the breach of contract as plaintiffs allege no contractual relations with the individual defendants.

Count 2 of the complaint alleges that the individual and corporate defendants slandered the plaintiffs' characters and reputations in the community by virtue of false statements regarding their honesty, business status, solvency and integrity, all to their serious detriment.

Section 1441(c), the pertinent statute, provides in full as follows:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion,

---

1. For an excellent analysis of 28 U.S.C. § 1441(c), and the cases decided thereunder, see W. Cohen, Problems in the Removal of a "Separate and Independent Claim or Cause of Action", 46 Minn.L. Rev. 1 (1961).

may remand all matters not otherwise within its original jurisdiction."

On the question of whether the claims or causes of action against the diverse defendants who removed the case are "separate and independent," the Supreme Court decision in American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), appears to be the leading case in the area. In *Finn*, a Texas plaintiff joined two foreign insurance companies and their local Texas agent, alleging alternatively that he was covered on separately issued fire insurance policies for a loss sustained, or that the resident agent was liable for negligence in failing adequately to protect the premises. The court reversed, holding that the case had been improperly removed from the state court under § 1441(c). In so maintaining, the court set out the test in the following language:

" * * * where there is a single wrong to plaintiff for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." Id. at 14, 71 S.Ct. at 540.

The lower federal courts reach severely divergent results in applying the statutory criteria or the *Finn* test in the context of a claim for breach of contract joined with another for inducing such a breach. Compare Twentieth Century-Fox Film Corp. v. Taylor, 239 F.Supp. 913 (S.D.N.Y.1965); Shelley v. The Maccabees, 180 F.Supp. 517 (E.D.N.Y. 1959); Harris v. Equitable Life Assurance Soc'y of United States, 147 F.Supp. 478 (S.D.Iowa 1957); Emery v. Chicago, B. & Q. R. R., 119 F.Supp. 654 (S.D. Iowa 1954); Allison v. American Airlines, Inc., 112 F.Supp. 37 (N.D.Okl. 1953) with Mayflower Indus. v. Thor Corp., 184 F.2d 537 (3d Cir. 1950), cert. denied, 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342 (1951); Gustaveson, Inc. v. Graybar Elec. Co., 222 F.Supp. 473 (W.D. Mo.1963); Guess v. Kellogg Switchboard & Supply Co., 143 F.Supp. 807 (N.D.

Cal.1956) and Knight v. Chrysler Corp., 134 F.Supp. 598 (D.N.J.1955).

 The court considers that under the *Finn* decision and its progeny, the claim or cause of action against the diverse corporate defendants for breach of contract is "separate and independent" from the claim or cause of action against the non-diverse defendants. While plaintiff in *Finn* suffered only one legal wrong or injury, plaintiffs here claim to have suffered two—one for breach of contract, another for the inducement. Under Minnesota law, it is quite clear that there are two causes of action alleged. See Smith v. American Guild of Variety Artists, 349 F.2d 975 (8th Cir. 1965); American Surety Co. v. Schottenbauer, 257 F.2d 6 (8th Cir. 1958); Continental Research, Inc. v. Cruttenden, Podesta & Miller, 222 F. Supp. 190 (D.Minn.1963); Snowden v. Sorenson, 246 Minn. 526, 75 N.W.2d 795 (1956); Royal Realty Co. v. Levin, 244 Minn. 288, 69 N.W.2d 667 (1955). Additionally, it should be noted that plaintiffs here allege a conspiracy to induce the franchise breach. Of course, a corporation cannot conspire with itself to induce its own breach of contract, Shelley v. The Maccabees, 180 F.Supp. 517 (E.D. N.Y.1959); Harris v. Equitable Life Assurance Soc'y of United States, 147 F. Supp. 478 (S.D.Iowa 1957) and thus the claimed breach of contract can be nothing other than a corporate act and a separate cause of action.

The motion to remand is denied and the court will retain jurisdiction of the entire case for all purposes. Subsequently if an appropriate motion is made, the court will give consideration to consolidating this case with 2–67 Civ. 202 for trial.

 Apart from the above, where possible in the administration of justice, duplicity and multiplicity of suits and trials should be avoided and all germane and relevant matters should be determined by one forum. The first suit involving these parties was in this court and since that will remain here, sub-

stantial justice augurs for one trial in one court on all issues.

A separate order has been entered denying remand and disposing of other motions before the court brought by the corporate defendants (plaintiffs in 2–67 Civ. 202) with reference to discovery.