FRONTIER ENTERPRISES, INC., a Minnesota corporation, Plaintiff,

v.

ICA CORPORATION, William Smock and Len Dufresne, Defendants.

No. 6–70–Civ–185.

United States District Court,
D. Minnesota,
Sixth Division.

Dec. 15, 1970.

Edward M. Glennon, Minneapolis, Minn., for plaintiff.

Sidney S. Feinberg, Minneapolis, Minn., for defendants.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

This action was originally instituted in the Douglas County, Minnesota District Court. Defendant ICA Corporation (ICA) filed a timely motion for removal of the action to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1441(c). Plaintiff Frontier Enterprises, Inc. (Frontier) has countered with this motion to remand under 28 U.S.C. § 1447(c).

The issue for determination is whether the complaint states a "separate and independent claim or cause of action" against ICA within the meaning of Section 1441(c).

Frontier is a corporation duly organized and existing under the laws of the

State of Minnesota, having its principal offices and place of business within the State. ICA is a foreign corporation, having its principal offices and place of business within the State of Pennsylvania. Frontier has also joined two individual defendants in this action, Smock and Dufresne, who are each citizens of the State of Minnesota.

The case involves the requisite more-than-$10,000 amount in controversy. Frontier's contention is that removal was improvident under Section 1441(c), however, since the two individual defendants are citizens of the State of Minnesota, and accordingly argues that the case lacks the requisite diversity of citizenship. Frontier further argues that none of the causes of action against ICA is "separate and independent" from those pressed against the resident individuals. Frontier urges the Court to remand. ICA opposes this motion, asserting that the "separate and independent" criteria of Section 1441(c) are satisfied.

■ The complaint thus must be scrutinized. Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939). It alleges the following factual situation: ICA, acting through agents Smock and Dufresne, solicited from Frontier an application requestion that ICA act as Frontier's representative to secure a $1,100,000 mortgage loan commitment for the purpose of financing Frontier's construction of a 102-unit Holiday Inn Motel in Alexandria, Minnesota. Frontier paid ICA a fee of $33,000 in advance for its forthcoming services, the advance deposit to be returned to Frontier if ICA was unable to secure an acceptable mortgage loan commitment.[1] Subsequently the terms of the agreement were modified so as to reduce the amount of the mortgage loan commitment to be secured by ICA from $1,100,000 to $870,000. By reason of this modification ICA

refunded to Frontier $6,900 of the $33,000 deposit, retaining $26,100. Thereafter an acceptable mortgage loan commitment still was not secured. ICA's authority to represent Frontier in negotiations for the loan was formally terminated.

In substance, the three "causes of action" set forth in the complaint are as follows:

1. That ICA has refused to return Frontier's deposit of $26,100 in violation of the contractual terms of the "Mortgage Loan Application and Agreement" entered into between Frontier and ICA.

2. That ICA and Smock fraudulently solicited and induced the advance deposit from Frontier by representing that the deposit would be returned if an acceptable mortgage loan commitment was not secured, while in fact ICA's intention was to dictate the terms of the mortgage loan commitment and to refuse to return the deposit.

3. Similarly, that ICA, Smock and Dufresne conspired to defraud Frontier by falsely representing that the advance deposit would be returned if an acceptable mortgage loan commitment was not secured, while in fact ICA's intention was to dictate the terms of the mortgage loan commitment and to refuse to return the deposit.

In its prayer for relief Frontier seeks judgment against all of the defendants in the amount of $26,100 as compensatory damages and in the amount of $87,000 as exemplary and punitive damages.

Section 1441(c), the pertinent statute, provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine

---

1. The "Mortgage Loan Application and Agreement" entered into between Frontier and ICA provided that the mortgage commitment was to be in the amount of $1,100,000 for a period of 20 years, and at an interest rate of not more than 8½ percent. All other terms were to be in accord with those common in the current mortgage market.

all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The United States Supreme Court interpreted the words "separate and independent claim or cause of action" in the leading case of American Fire & Casualty Company v. Finn, 341 U.S. 6, 71 S. Ct. 534, 95 L.Ed. 702 (1951). This was an action brought in a Texas state court by a citizen of Texas against two foreign insurance companies and a mutual agent, a citizen of Texas, seeking damages for a fire loss on property supposedly insured. Under plaintiff's pleaded theory liability lay among the three defendants, but she was uncertain which one was liable. It was asserted that one of the fire insurance policies covered the loss sustained, or that the resident agent was negligent in failing to adequately protect the premises. After removal by the nonresident companies, plaintiff obtained judgment against one of them, and the other defendants were absolved. The Court of Appeals, holding that the case had been properly removed, affirmed. 181 F.2d 845 (5th Cir. 1950). The Supreme Court, however, held that although the judgment debtor had sought the federal court by removal it was not thereby precluded from seeking reversal and remand; and that the case had been removed without warrant. The Court noted that Congress in eliminating "separable controversy" as a basis for removal and in substituting the "separate and independent claim or cause of action" test for removability sought to simplify removal; and intended to abridge the right of removal. In determining that the complaint did not state separate and independent causes of action against the insurance companies, the Court set out the test in the following language:

"Of course, 'separate cause of action' restricts removal more than 'separable controversy.' In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to congres-sional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state court before allowing removal.

"The effectiveness of the restrictive policy of Congress against removal depends upon the meaning ascribed to 'separate and independent * * * cause of action.' § 1441. Although 'controversy' and 'cause of action' are treated as synonymous by the courts in situations where the present considerations are absent, here it is obvious different concepts are involved. * * *

"Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C. § 1441(c), *we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)*." 71 S.Ct. at 539–540. (Emphasis added.)

The Supreme Court concluded that since plaintiff's complaint did not contain a cause of action that involved only citizens of separate states, no right of removal existed and the federal district court had no jurisdiction.

▮ Although the lower federal courts have reached somewhat divergent results in applying both the statutory criteria and the *Finn* test, a long line of decisions hold that where a plaintiff seeks to recover for a single injury arising from a series of interrelated transactions or events, and sues several defendants and whether the claimed liability is joint, joint and several, several, or in the alternative, he is not asserting "separate and independent" claims which warrant removal under Section 1441(c). See the cases cited 1A Moore's Federal Practice, ¶ 0.163 [4.–5], footnote 7. A single wrong is not parlayed into separate and independent causes of action by multiplying the legal theories upon

which relief is sought or by multiplying defendants against whom a remedy is sought for the same injury. This District Court has previously ascribed to these legal tenants in Moosbrugger v. McGraw-Edison Company, 215 F.Supp. 486 (D.C.Minn.1963) (claim against manufacturer held not separate and independent from claim against vendor for breach of contract in suit to recover for loss of investment and loss of future earnings), and in Koeppe v. Lundell Manufacturing Company, 179 F.Supp. 918 (D.C.Minn.1959) (cause of action against manufacturer, wholesaler and retailer for breach of express or implied warranties held not separate and independent as to each defendant in suit to recover for personal injuries).

■■ Application of the above statutory and judicial guidelines to the case at hand exacts the conclusion that Frontier's complaint against the defendants does not contain a "separate and independent claim or cause of action" against ICA within the meaning of Section 1441 (c). Despite its rather general wording, the complaint in essence alleges three bases—breach of contract, fraud and conspiracy—as alternative grounds for relief from a single wrong arising from the interrelated conduct and activities of all of the defendants. The actionable wrong for which Frontier seeks relief is the loss of the $26,100 paid to ICA in advance which has not been returned. The facts in each portion of the complaint relate to this one incident and involve each of the defendants. Furthermore, even though it may be that only ICA could be held liable to Frontier on the basis of a breach of contract, it still cannot be said that this is a separate and independent claim from those founded on fraud and conspiracy as such is required by Section 1441(c) for removal. See Mayflower Industries v. Thor. Corp., 184 F.2d 537 (3rd Cir. 1950), cert. denied, 341 U.S. 903, 71 S.Ct. 610, 95 L.

Ed. 1342 (1951); McLeod v. Cities Service Gas Co., 233 F.2d 242 (10th Cir. 1956); Koeppe v. Lundell Mfg. Co., supra. Finally, as to this motion it is immaterial that Frontier requests exemplary and punitive damages in addition to compensatory damages, since a prayer for such damages does not constitute a separate and independent cause of action for removal purposes. Willoughby v. Sinclair Oil & Gas Co., 89 F.Supp. 994 (W.D.Okl.1950).

The instant case should be distinguished from Griebel v. J. I. Case Credit Corporation, 285 F.Supp. 621 (D.C.Minn. 1968), the case relied upon in large part by ICA in opposing the motion to remand. There the court held that the plaintiff had suffered two legal wrongs or injuries, one for breach of contract and another for inducement of the breach, rather than a single injury. Apparently the court reasoned that the plaintiff in *Griebel* suffered separate losses as a result of these wrongs. To interpret the case otherwise would suggest a conclusion that is inconsistent with the guidelines promulgated by the Supreme Court in *Finn*. It should be noted, however, that the *Griebel* case is unique in that it arose out of the same circumstances and transactions involved in another lawsuit which was then pending before that court. In denying the motion to remand, Judge Neville emphasized that justice augurs for one trial in one court on all issues pertinent to a dispute. Such a consideration is not pertinent here.

Since there is no cause of action against ICA which is "separate and independent" within the meaning of Section 1441(c) from the causes of action stated against the residents Smock and Dufresne, the requisite diversity of citizenship necessary for federal jurisdiction is lacking. Frontier's motion for a remand of this case pursuant to Section 1447(c) therefore is granted.