## MATTIONI, MATTIONI & MATTIONI, LTD.

v.

## ECOLOGICAL SHIPPING CORP. et al.

### Civ. A. No. 79–4649.

United States District Court,
E. D. Pennsylvania.

Feb. 6, 1980.

---

Harold Cramer, Philadelphia, Pa., for plaintiff.

Franklin Poul, Philadelphia, Pa., for defendant Ecological Shipping Corp.

## MEMORANDUM

POLLAK, District Judge.

Plaintiff commenced this action in the Court of Common Peas of Philadelphia County on December 4, 1979. On December 21, 1979, defendant Ecological Shipping Corp. (Ecological) removed the state court action to the federal court pursuant to 28 U.S.C. § 1441(c), on the grounds of diversity of citizenship. On January 8, 1980, plaintiff moved to remand the action to the state court.

The dispute involves the claim by the law firm of Mattioni, Mattioni & Mattioni, Ltd. (Mattioni) for fees alleged to be due from Ecological in connection with Mattioni's representation of Ecological in a series of litigations with the Sun Company and various associated companies (Sun Group), which were about to be concluded by settlement, but without the participation of the Mattioni firm. The complaint filed in the state court was subdivided by plaintiff into seven counts. For the purposes of this motion, they may be roughly summarized as follows. The first count is directed against Ecological and prays for an injunction to prevent consummation of the settlement alleged to contravene Ecological's contractual obligations to Mattioni. The second count charges a conspiracy on the part of several New York defendants to defeat Mattioni's claim to fees and its lien on the proceeds of the settlement. The third count charges that, in the course of the settlement process, a Pennsylvania attorney and the law firm of which he is a member, who have been representing the Sun Group, induced Ecological to breach its contract of retainer with Mattioni. The fourth count alleges a violation of Canon 7 of the Code of Professional Responsibility by the Pennsylvania attorney and his firm, in initiating direct communication with Ecological without first obtaining plaintiff's consent. The fifth count is directed against a New York attorney and his firm, and charges that by undertaking settlement negotiations on behalf of Ecological that they were incompetent to handle, they interfered with the Mattioni-Ecological contract of retainer and procured an inadequate settlement, prejudicial to plaintiff's rights under the contingent fee provision contained in that contract. The sixth count alleges a breach of the contingent fee agreement by Ecological. The seventh count charges that all the above-named defendants conspired to deprive plaintiff of its rightful fee.

Ecological is a Delaware corporation with its principal place of business in New York. Mattioni is a Pennsylvania professional corporation with its principal place of business in Philadelphia. Thus, as between these two parties, there is diversity of citizenship. Defendant thus premises its removal on 28 U.S.C. § 1441(c), which provides:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Ecological argues that the sixth count contains a claim which would be removable, by virtue of diversity of citizenship, if sued upon alone, and that it is separate and independent from the otherwise non-removable claims, to wit, counts 3, 4, and 7, which involve defendants who, like plaintiff, are of Pennsylvania citizenship. Plaintiff's motion to remand asserts that the breach of contract alleged in the sixth count is not separate and independent from the charge of inducing the breach contained in the third.

The many courts that have considered the question have divided sharply on whether a cause of action for breach of contract is

separate and independent from a tort claim involving inducement of the breach. Compare *Griebel v. J. I. Case Credit Corp.,* 285 F.Supp. 621 (D.Minn.1968); *Shelley v. The Maccabees,* 180 F.Supp. 517 (E.D.N.Y.1959); *Allison v. American Airlines, Inc.,* 112 F.Supp. 37 (N.D.Okl.1953) (all holding that the breach and the inducement are separate and independent), with, *City of New York v. New York Jets Football Club, Inc.,* 429 F.Supp. 987 (S.D.N.Y.1977); *Gustaveson, Inc. v. Graybar Electric Company,* 222 F.Supp. 473 (W.D.Mo.1963); *Guess v. Kellogg Switchboard and Supply Co.,* 143 F.Supp. 807 (N.D.Cal.1956); *Knight v. Chrysler Corp.,* 134 F.Supp. 598 (D.N.J.1955) (all holding that such claims are not separate and independent).

■■■ There is no need here to decide between these conflicting cases from the district courts. The rule in the Third Circuit is firmly established: a breach of contract and the tort of inducing that breach are not separate and independent causes of action. *Mayflower Industries v. Thor Corp.,* 184 F.2d 537 (3d Cir. 1950), *cert. denied,* 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342. In *Mayflower,* the court noted that the transactions giving rise to both claims occurred almost simultaneously, and that there existed in the two claims an almost complete coincidence of operative facts. "From the point of view of the complainant, [the two claims] are at most two aspects of a single economic injury." 184 F.2d at 539.

Ecological contends, however, that under the criteria set forth by the Supreme Court in *American Fire & Casualty Company v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), decided one year after the decision in *Mayflower,* the two claims are separate

and independent. In that case, the Court described the standard as follows (*Id.* at 14, 71 S.Ct. at 540):

> [W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

Ecological asserts that here the two causes of action involve two distinct violations of plaintiff's rights, are measured somewhat differently in damages, and depend, in some substantial measure, upon different operative facts. This may well be so, but the fact that plaintiff's injury may be described in terms of several legal theories, against various defendants, does not mean that they are "separate and independent" from one another. "That different proof is required implies only that the factual bases of each cause of action are not entirely identical and not that the claims are 'separate and independent.'" *City of New York v. New York Jets Football Club, Inc., supra,* at 991. Here, whether termed "a single wrong" or "a single economic injury," Mattioni's sole grievance lies in having been deprived of the fee to which it would have been entitled had the integrity of its contract with Ecological been maintained.[1]

■■■ Finally, Ecological asserts that the "equities" demand that jurisdiction of this case be retained. Currently before this court is a lawsuit involving the same series of transactions, and presenting many of the same claims and many of the same parties, that are involved in the case which Ecological has attempted to remove.[2] But while the interest in judicial economy, once jurisdiction is determined to exist, would argue strongly for retaining all aspects of the removed case pursuant to the second, and

1. Ecological relies on *Restatement (Second) of Torts,* § 766 and § 767, in an attempt to illustrate the distinctiveness of the claim of inducement of breach from the claim of breach itself. However, Section 766 of *Restatement (Second)* makes entirely clear that the liability of the wrongful inducer, like that of the breacher, centers on the plaintiff's loss of the benefits of the contract.

2. The matter *sub judice* was filed in the Court of Common Pleas four days after the prior case (Civil Action No. 79–4360) had been removed by Ecological to this court upon Mattioni's voluntary dismissal of all non-diverse defendants. Following removal of the prior case, Mattioni (1) filed an amended complaint rejoining the non-diverse defendants, and thereupon (2) moved to remand. On December 21, 1979, I dismissed the non-diverse defendants and denied the motion to remand.

discretionary, clause of § 1441(c), neither equity nor economy will confer jurisdiction where none has been granted by Congress.

Therefore, this case will be remanded to the Court of Common Pleas.