**DEBCO EQUIPMENT COMPANY, INC., Plaintiff,**

v.

**Fred T. HAAS, et al., Defendants.**

**No. 81–1120C(2).**

United States District Court, E. D. Missouri, E. D.

April 14, 1982.

Louis N. Laderman, St. Louis, Mo., for plaintiff.

Richard Sheehan, Ira L. Blank, St. Louis, Mo., for defendants Fred T. Haas and Haas & Haas, Inc.

Harry O. Moline, Sherri L. Cranmore, St. Louis, Mo., for defendant Kewanee Boiler Corp.

## MEMORANDUM

NANGLE, District Judge.

This case is now before this court on the motion of the plaintiff, Debco Equipment Company, Inc. to remand this action to the Circuit Court of St. Louis County. On September 11, 1981, this case was removed by defendants Kewanee Boiler Corporation, Fred T. Haas, and Haas & Haas, Incorporated to the federal court pursuant to 28 U.S.C. § 1441(c) on the grounds of diversity of citizenship. It is the contention of the plaintiff that removal was improvidently granted pursuant to 28 U.S.C. § 1441(c) and therefore this case must be remanded to state court.

Plaintiff's cause of action arises out of a contract entered into by plaintiff and defendant Kewanee Boiler Corporation. The contract provided that the plaintiff would act as defendant Kewanee's exclusive sales representative in certain areas of Missouri, Illinois, and Indiana. On April 24, 1981, defendant Kewanee Boiler Corporation sent the plaintiff a letter cancelling the sales representative agreement as of June 1, 1981.

In response to the termination of this contract by defendant Kewanee Boiler Corporation, the plaintiff filed a four count complaint against defendants Kewanee Boiler Corporation, Fred T. Haas, and Haas & Haas, Incorporated. In Count I, plaintiff alleged that defendant Kewanee Boiler Corporation cancelled the sales representative agreement in an arbitrary and capricious

manner and in bad faith.[1] In Count II, plaintiff further claimed that defendant Kewanee Boiler Corporation breached the exclusive sales representative agreement by intentionally failing to refer to the plaintiff inquiries concerning products manufactured by the defendant as agreed upon in the contract. Finally, in Counts III and IV plaintiff stated a cause of action for tortious interference with contractual relations against defendants Fred T. Haas, and Haas & Haas, Incorporated. The plaintiff alleged that these defendants "invaded plaintiff's right in the exclusive sales agreement by *inter alia*, inducing and improperly causing defendant Kewanee Boiler Corporation to issue the cancellation notice to plaintiff and thereby breach its contract with plaintiff."

When defendants removed this action, it is clear that there was complete diversity jurisdiction over Counts I and II because the plaintiff is a Missouri citizen and defendant Kewanee Boiler Corporation is an Illinois citizen. Defendants alleged in their removal petition that there was pendent jurisdiction over Counts III and IV under the terms of 28 U.S.C. § 1441(c). Diversity jurisdiction was not the basis for removal because defendant Haas is a Missouri citizen and defendant Haas & Haas, Incorporated is a citizen of both Delaware and Missouri. Under the terms of 28 U.S.C. § 1441(c), the removal of plaintiff's petition was proper only if the breach of contract claims alleged by the plaintiff in Counts I and II are "separate and independent" from the claims of tortious interference with contractual relations which are contained in Counts III and IV.

Section 1441(c) provides that "[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein ..." This court recognizes that the authority is divided over the question of whether a cause of action for breach of contract is "separate and independent" from a tort claim involving inducement of the breach of the contract under the terms of the statute. Compare *Griebel v. J. I. Case Credit Corp.*, 285 F.Supp. 621 (D.Minn.1968); *Shelley v. The Maccabees*, 180 F.Supp. 517 (N.D.Okl.1953) (the former cases held that the breach and the inducement are separate and independent) with, *Mattioni, Mattioni & Mattioni, Ltd. v. Ecological Shipping Corp.*, 484 F.Supp. 814 (E.D.Penn.1980); *City of New York v. New York Jets Football Club, Inc.*, 429 F.Supp. 987 (S.D.N.Y.1977); *Gustaveson, Inc. v. Graybar Electric Company*, 222 F.Supp. 473 (W.D.Mo.1963); (the latter cases hold these claims are not separate and independent.) It is the opinion of this court that the cases which have found that a cause of action for the breach of a contract is not "separate and independent" from claim of interference with contractual relations, represents the better view in light of

---

1. Count I of the complaint was subsequently dismissed by this court in an order dated November 25, 1981. The contract in question provided both parties with the power to cancel the contract without cause. Therefore, it was concluded that the complaint failed to state a cause of action for breach of contract. Subsequently, the plaintiff was granted leave to amend its complaint to include an additional count against defendant Kewanee Boiler Corporation. In Count V the plaintiff alleged that the cancellation of the sales representative agreement denied the plaintiff a reasonable opportunity to recoup those expenses it incurred as Kewanee Boiler Corporation's sales agent. This court recognizes that it is necessary to examine the plaintiff's pleading at the time the removal petition was filed in order to determine the removability of a claim or cause of action under 28 U.S.C. § 1441(c). 14 Wright & Miller, *Federal Practice and Procedure*, § 3724 p. 655. Therefore, the contention of the defendant that the complaint in its present posture must be examined in order to determine the propriety of removal must be rejected. However, this court does not believe that the assertion of a new legal theory by the plaintiff would make this claim removable pursuant to 28 U.S.C. § 1441(c). The fact that a plaintiff's injury may be alleged in the terms of different legal theories, against various defendants, does not mean that they are "separate and independent" from one another. *Mattioni, Mattioni & Mattioni, Ltd. v. Ecological Shipping Corp.*, 484 F.Supp. 814 (E.D.Penn.1980).

the language of the statute and the Supreme Court's interpretation of the statute in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

In *American Fire & Casualty Co. v. Finn*, supra, the Supreme Court held that "a separable controversy" is no longer an adequate ground for removal unless the controversy also constitutes an independent claim or cause of action. 341 U.S. at 11, 71 S.Ct. at 538. The Court went on to reason that there is no separate or independent claim or cause of action under the terms of 28 U.S.C. § 1441(c) if there is a single wrong to the plaintiff arising from an interlocked series of transactions. *Id.* at 14, 71 S.Ct. at 540. Therefore, the Supreme Court read the 1948 congressional amendment to § 1441(c) as restricting removal by holding that a single cause of action exists when a single plaintiff alleges alternative claims against a number of defendants arising from an interlocked series of transactions if there is a single wrong to the plaintiff. As a result, most commentators now agree that few, if any diversity cases are removable under § 1441(c). 14 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3724.

 Applying the reasoning of the Supreme Court in *American Fire & Casualty Co. v. Finn*, supra, to the facts of this case it is evident that plaintiff's claim that the sales representative contract was breached by defendant Kewanee Boiler Corporation is not "separate and independent" from its allegations that defendants Fred T. Haas, and Haas & Haas, Incorporated induced the breach. Plaintiff has suffered a single wrong resulting in a loss of benefits due to the breach of the sales representative contract. The fact that the plaintiff's injury may be described in terms of two different legal theories against the various defendants does not mean that the claims are "separate and independent." Therefore, this court must conclude that removal of this case was improvidently granted. This court recognizes that the remand of this case may result in hardship for the defendants. However, neither equity nor economy can confer jurisdiction on this court in the absence of a congressional directive. A federal trial court does not have the power under the Constitution to enter a judgment in a case improperly removed from a state court. *American Fire & Casualty Co. v. Finn*, 341 U.S. at 18, 71 S.Ct. at 542.

Accordingly, the motion of the plaintiff to remand will be granted; therefore this case will be remanded to the Circuit Court of St. Louis County.